WELLER et al. v. PENNSYLVANIA R. CO. SAME v. NEW YORK CENT. & H. R. R. CO. SAME v. BALTIMORE & O. R. CO. SAME v. NEW YORK, O. & ST. L. R. CO. SAME v. ERIE RY. CO. SAME v. LAKE SHORE & M. S. RY. CO. SAME v. CHICAGO G. W. RY. CO. SAME v. ILLINOIS CENT. R. CO. SAME v. PITTSBURG, FT. W. & C. RY. CO. SAME v. MICHIGAN CENT. R. CO. SAME v. WABASH R. CO. SAME v. MISSOURI, K. & T. RY. SYSTEM. SAME v. CLEVELAND, C., C. & ST. L. RY. CO.

(Circuit Court, D. Colorado. February 5, 1902.)

Nos. 4,193, 4,204, 4,214, 4,215, 4,217–4,224, 4,425.

1. CORPORATION—DOMICILE—INFRINGEMENT OF PATENT—CIRCUIT COURT—JURISDICTION.

A corporation not incorporated in Colorado is not an "inhabitant" of the district of Colorado, within Act Cong. March 3, 1897, declaring that in suits for the infringement of patents the circuit courts of the United States shall have jurisdiction in the district in which the defendant is an inhabitant, etc.

2. SAME—SERVICE—APPLICABILITY OF STATE STATUTE.

The act of the state of Colorado relative to service of process is not applicable to a suit against a corporation brought in a federal court in the district of Colorado, where the corporation is not an inhabitant of such district; and in such case service must be had according to the acts of congress.

3. SAME—COMPLAINT—AVERMENT OF CORPORATE DOMICILE.

Act Cong. March 3, 1897, provides that in suits for infringement of patents the circuit courts shall have jurisdiction in the district where

defendant is an inhabitant, or where the infringement is committed and defendant had an established place of business, and that in the latter case service may be made on the agent conducting the business. *Held*, that in a suit against a corporation, in order to authorize service on an agent, the complaint must show the place of incorporation, so as to show that defendant is not an inhabitant of the district.

4. SAME.

An averment that defendant is incorporated in a certain other state named is sufficient to show that it is not an inhabitant of Colorado.

5. SAME—WHAT CONSTITUTES ESTABLISHED PLACE OF BUSINESS.

A railroad company .which maintains an office in the district of Colorado, but whose agent there has authority to solicit business only, and who makes no contracts for the carriage of freight or passengers, has no "regular and established place of business" in the district. within Act Cong. March 3, 1897, declaring that in suits for infringements of patents the circuit courts shall have jurisdiction in any district where the infringement is committed and defendant has a "regular and established place of business."[1]

Dyrenforth, Dyrenforth & Lee, S. D. Walling, and J. R. Burton, for plaintiffs.

Rogers, Cuthbert & Ellis, Robert J. Fisher, Wolcott & Vaile, and George S. Payson, for defendants.

HALLETT, District Judge (orally). Several suits are pending in the circuit court, in which Simon P. Weller and others are complainants and different railroad companies are defendants. They are suits for infringement of a patent, and motions have been filed to quash the marshal's return upon the summons issued in the several cases. These motions were discussed before the court a few days back, and they are now to be decided.

Some of the motions were made and are put upon the ground that the service was not according to the statute of this state relating to service upon corporations, and others were upon the ground that persons upon whom the service was made were not representatives of the corporations defendant in the suits. In all of the cases the service is subject to the act of congress of March 3, 1897, defining the jurisdiction of the circuit courts of the United States in cases brought for the infringement of letters patent. This act declares that in suits brought for the infringement of letters patent the circuit courts of the United States shall have jurisdiction in law or in equity in the district in which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. In the cases referred to, the defendants were not inhabitants of this district, not being incorporated in Colorado. In the case entitled "Galveston, Houston & San Antonio Railway Co. v. Gonzales," 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, the supreme court decided that a corporation is an inhabitant of that district only in which it is incorporated; so that these corporations are none of them "inhabitants" of this district in the

[1] Foreign corporations "doing business" in state, see note to Wagner v. J. & G. Meakin, 33 C. C. A. 585.

sense in which that word is used in the act of congress. The act provides in its last clause that, if such suit is brought in a district in which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought. ·In the case in which the defendant is not an inhabitant of the district, the jurisdiction of the court depends, under the first clause of the act, upon the question whether there have been acts of infringement within the district, and also whether the defendant has a regular and established place of business within the district.

In the cases first to be mentioned the motion to quash the marshal's return upon the process is upon the ground that the service has not been made according to the act of the state of Colorado in relation to such process, that the marshal has not shown by his return that the principal officers of the defendant were not found within the district, and that the service was not upon such agent as is mentioned in the act of the state as competent to receive service. The act of the state, it may be remarked in the first place, is not applicable in any of the cases, because in none of the cases is the corporation defendant an inhabitant of the district of Colorado. Therefore service must be according to the terms of the last clause of the act of congress; so that counsel is in error in supposing that he may, by his motion, raise a question as to the service of process according to the law of the state. But I consider, with reference to such cases, that it is not improper to decide and determine whether the service is according to the terms of the act of congress. And, first, upon that point it is to be observed that in some of the cases the place in which the defendant was incorporated is not alleged in the complaint. It is averred in the complaint that the defendant has a regular and established place of business within the state, which conforms to the last clause of the act of congress; but the place in which the defendant is incorporated—the state in which it is incorporated—is not alleged in the complaint. Therefore there is nothing in those cases to show that the defendant is not an inhabitant of the state of Colorado, and the service is defective for that reason. In others of the cases it is averred that the defendant was incorporated in a certain other state named,—that is, a state which is not the state of Colorado,—and this is sufficient to show under the act of congress that the defendant is not an inhabitant of the state of Colorado. In those cases it is also averred that the service was upon a person who is engaged in conducting the business of the defendant in the district of Colorado, and, it being averred in the complaint that the defendant has a regular and established place of business in the state of Colorado, and then in the return it being certified that the process was served upon an agent in charge of that business, the return is sufficient. These remarks explain the ground upon which the return of the marshal must be quashed in No. 4,215, against the New York, Chicago & St. Louis Railroad Company; No. 4,218, against the Lake Shore & Michigan

Southern Railway Company; No. 4,219, against the Chicago Great Western Railway Company; and No. 4,224, against the Missouri, Kansas & Texas Railway System. In all of these cases there is no averment of the state or district in which the defendant is incorporated. In No. 4,217, against the Erie Railway Company; No. 4,220, against the Illinois Central Railroad Company; and No. 4,222, against the Michigan Central Railroad Company,—the state in which the defendant is incorporated is averred in the complaint, and therefore it is shown that the defendants in those cases are not inhabitants of the state of Colorado.

We will now refer to several cases in which the form of the return of the marshal is not objected to, but the motion to quash is based upon the ground that the defendant corporation has no regular and established place of business in the state of Colorado, and is not doing business in this state, and therefore the return should be quashed. In No. 4,193, against the Pennsylvania Railroad Company; No. 4,214, against the Baltimore & Ohio Railroad Company; No. 4,221, against the Pittsburg, Ft. Wayne & Chicago Railway Company; No. 4,223, against the Wabash Railroad Company; and No. 4,204, against the New York Central & Hudson River Railroad Company,—it is shown that the various companies have offices in the city of Denver, in which there is an agent of the company, and that this agent has authority to solicit business only. He is an agent of the company in the sense that it is his duty to advertise the company and solicit business amongst the people who may apply to him. Some of the offices are somewhat elaborate and others are very limited indeed. The agent does not make any contracts for carrying freight, nor does he sell tickets to passengers who may desire to go over the road which he represents. Upon this a question arises whether such an office is a regular and established place of business within the meaning of the act of congress. I am of the opinion that it is not of that character. It seems to me that in an act applying to all who may be doing any kind of business whatsoever,—that is, applicable to all kinds of business,—what is meant by a regular and established place of business is one in which some substantial part of the business of the company or corporation shall be carried on; and this, in the case of any kind of business, would seem to me to be, in a general way, the sale of the commodities which the defendant may offer to the public. In the case of a manufacturer it would be the sale of the product of his works. In the case of a railroad company I suppose it would be the sale of something which the defendant does for the public. Its business is to carry freight and passengers, and the making of contracts for that purpose would be the transaction of some substantial part of its business. But the men in charge of these offices are not authorized to make such contracts. According to statements in affidavits which have been filed, they have authority only to solicit business. They are what is called in mercantile business "drummers," who are trying to work up business for their employers; and in that view it seems to me that they do not transact any substantial part of the business of the parties whom they represent. This subject has arisen in many of the states under acts

which authorize service upon defendants who may be found within the state, and has been variously decided.   Some of the courts have held under the act of congress of 1887 that service upon just such agents as are described in these proceedings is sufficient to give the court jurisdiction, and others have held that the service was not sufficient to give the court jurisdiction.   In regard to such decisions in a general way it is to be observed that the act of congress passed March 3, 1897, is somewhat later in date than the act of 1887, and it is indicative of the mind of congress that rulings of courts under the act of 1887 were not entirely satisfactory, and that the rule adopted in respect to suits brought under that act, which were in the main damage suits,—especially those against railroad companies,—the service held good in those cases should not prevail in patent suits. This act, applicable to patent suits only, seems to give a more restricted meaning to the question of service than had been adopted under the act of 1887 in respect to other suits.   As illustrating that, it may be observed that the damage suits were often brought upon causes of action which arose wholly without the jurisdiction in which the suit was brought.   That is the character of a case upon which complainants in this suit rely very strongly,—a suit against the Denver & Rio Grande Railway Company, which is a corporation of this state.   Railroad Co. v. Roller, 41 C. C. A. 22, 100 Fed. 738, 49 L. R. A. 77.   In that case the liability of the defendant arose in the state of Colorado, and suit was maintained in the district of California upon service upon an agent in the state of California having the character of the agents in these records.   In the act of March 3, 1897, it is provided that the cause of action must arise in the district; that is to say, by the express terms of the act there must be acts of infringement in the district.   The right to sue upon a patent, therefore, must arise in the district.   And, in addition to that, the defendant in the suit must have a regular and established place of business,—probably with reference to the acts of infringement, which are also mentioned in the act.   I think, therefore, it is reasonable to, assume that the provision of the act of congress in respect to doing business within the district, which is necessary to give jurisdiction to the court, is something more than was held to be sufficient in some instances under the act of 1887.

If I am mistaken in that, there are decisions made under the act of 1887 which appear to me to be satisfactory, and they are to the effect that under that act an agent to solicit business within the district is not a representative of the corporation in the sense that he may receive service of process in the district.   The cases are N. K. Fairbanks & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 4 C. C. A. 403, 54 Fed. 421, 38 L. R. A. 271, which was followed in Wall v. Railway Co., 37 C. C. A. 129, 95 Fed. 399.   These are decisions of the circuit court of appeals of the Seventh circuit.   There is a circuit court decision to the same effect of earlier date.   Maxwell v. Railway Co. (C. C.) 34 Fed. 286.   In these cases, and in all, I think, that I have examined, the question considered was as to the character of the agent and the scope of his authority.   Under the act of congress the question is whether the defendant has a

regular and established place of business, without reference to the character of the agent who may be in charge. The question of the business done in the place, which may be regular and established, of course is somewhat dependent upon the scope of authority of the man in charge of it, but it is not wholly so. A solicitor of business may not have any office at all. He may not need an office. Ordinarily, drummers of mercantile houses do not have offices, and they are solicitors of business. Probably in the case of railroad companies the maintenance of an office is more a matter of advertising than anything else. The company desires to be known to the public as one which is engaged in eastern states in the transportation business. Therefore it sets up offices in various cities and towns of the country. But this is not significant of its intention to do business in a regular and established place in all of the cities and towns in which it may set up such offices.

The case of the Pittsburg, Ft. Wayne & Chicago Railway Company (No. 4,221) is distinguishable from the others last mentioned, in that it is shown in that case that the defendant named therein leased its lines to the Pennsylvania Company many years ago, and therefore is not doing business actively as a railway corporation anywhere. Probably in that case there would be no ground for pretending or claiming that it has any regular and established place of business here or anywhere else.

The case of the Cleveland, Cincinnati, Chicago & St. Louis Railway Company (No. 4,425) is distinguishable from some of the others in that the return of the marshal does not show that the person upon whom service was made was in charge of the business in Denver, whatever it may be, which was done by that company. But it is also shown in that case that the company has an agency for soliciting business and an office. In this case the return is deficient in not showing that the agent was in charge of the company's business, and it will be quashed.

In the cases mentioned (Nos. 4,193, 4,204, 4,214, 4,221, and 4,223) the motion to quash is sustained.

## On Motion to Dismiss.

These causes were heard upon motion to quash a return of the summons, and the return was quashed. Whether rightly heard upon such motion or not, and whether the question ought to have been raised in some other way, is not now a question for consideration. It was competent for the court to have dismissed the suit at the time of quashing the summons, but it was thought better to hold over the case with a view to give the plaintiffs an opportunity to suggest some other method of service than that which had been adopted in the case when it was first filed. No suggestion of that kind has been made, and it is fair to presume that the plaintiffs are not prepared to make any other service than that which was made in the first instance. If that be true, the suits must be dismissed, and the order will be made.

The suits will be dismissed, at plaintiffs' costs, for failure to serve process. Sixty days will be allowed for a bill of exceptions to be

filed. This order in respect to the bill of exceptions applies to what took place upon the motion to quash the return as well as to this motion.