## PHILAD CO. et al. v. NATIONAL MINERAL CO.

District Court, S. D. New York.
Feb. 26, 1936.

Morris Kirschstein, of New York City, for plaintiffs.

Pennie, Davis, Marvin & Edmonds, of New York City, for defendant.

PATTERSON, District Judge.

The suit is for patent infringement. The defendant moves to quash service of process and to dismiss for lack of jurisdiction.

By section 48 of the Judicial Code (28 U.S.C.A. § 109), suit for patent infringement may be brought in the district in which the defendant is an inhabitant or in any district wherein the defendant has committed acts of infringement and has a regular and established place of business. The defendant being an Illinois corpora-

14 F.Supp.—40

tion, the questions raised by this motion are whether the defendant committed acts of alleged infringement in this district and whether it has a regular and established place of business here.

The case is one of a type quite common. A foreign corporation has its factory and principal office in another state, but has an office in New York City for soliciting the trade and serving customers. When sued, it resists on the ground that its activities here do not amount to the doing of business in the district. In patent suits the point pressed is a little more specific, that no infringement and no regular and established place of business in the district can be made out.

The facts show that the defendant, an Illinois corporation, makes and sells hair waving equipment, cosmetics, and incidental supplies. These are advertised as "Helene Curtis" products. The factory and main office are in Chicago. There is an office at 25 West 45th street, New York City. The sign on the office door is "National Mineral Company." In the telephone directory there is a listing of National Mineral Company at that address. The lease of the office is in the name of one Gidwitz, a vice president of the defendant, but the defendant pays the rent. Gidwitz, the defendant says, merely solicits orders from the trade, the orders being subject to acceptance at the Chicago office and shipments being made from Chicago.

But it is evident that the New York office is more than an outlying post for soliciting orders. A line of the defendant's products is kept there and is demonstrated. A substantial stock of merchandise is kept there, and sales of spare parts and accessories are made there, customers taking delivery and making cash payment in the office. In the defendant's catalogue there is the statement, "New York Office, National Mineral Company, Helene Curtis Instruction Center, 25 West 45th street." In advertisements found in trade magazines, the defendant mentions the New York address as "Display Room, Instruction Center, Service Department," and this is doubtless an apt description of the business activities carried on in the New York office.

As for acts of infringement in the district, there is undisputed proof that on two occasions sales of parts of the machine

said to infringe were made in the New York office. These were not instances of mere solicitation of orders for acceptance in a distant city, but were cases of sales, deliveries, and payments over the counter here in the "service department." The remaining question is the maintenance of a regular and established place of business.

If the local office were one used merely for drumming up business, for solicitation of orders to be accepted and filled at the main office outside the boundaries of the district, I would be obliged, in deference to authority, to say that it was not a regular and established place of business. Tyler Co. v. Ludlow-Saylor Wire Co., 236 U.S. 723, 35 S.Ct. 458, 59 L.Ed. 808; Stein v. Standard Oil Co., 36 F.(2d) 258 (D.C. N.Y.); Root v. Samuel Cupples Envelope Co., 36 F.(2d) 405 (D.C.N.Y.); Elevator Supplies Co. v. Wagner Mfg. Co., 54 F. (2d) 937 (D.C.N.Y.) affirmed (C.C.A.) 54 F.(2d) 939. Much more is proved here. In the defendant's own language, the office was a "display room, instruction center, service department." Sales of accessories were made there. It is idle to say that such a headquarters is not a place of business, regular and established. The case cannot be distinguished from Remington Rand Business Service, Inc., v. Acme Card System Co., 71 F.(2d) 628 (C.C.A.4), Scott & Williams v. Hemphill Co., 14 F.Supp. 621, decided by this court July 30, 1931, and American Sales Book Co. v. Atlantic Register Co. (D.C.) 14 F.Supp. 623, decided May 29, 1934.

The motion to quash and dismiss will be denied.