### EGRY REGISTER CO. v. ATLANTIC REGISTER CO. et al.

#### No. 579.

District Court, W. D. New York.

April 21, 1941.

Toulmin & Toulmin, of Dayton, Ohio (H. A. Toulmin, Jr., of Dayton, Ohio, Max D. Farmer, of Buffalo, N. Y., and R. A. Greer, of Dayton, Ohio, of counsel), for plaintiff.

Herbert A. Baker, of Boston, Mass., and Bean, Brooks, Buckley & Bean and Richard W. Treverton, all of Buffalo, N. Y., for defendants.

KNIGHT, District Judge.

The action is for infringement of certain patents. The defendant, Atlantic Register Company, moves to dismiss the complaint on the ground that it is not subject to service of process within this district, and the defendant, Burroughs, moves to dismiss on the ground of lack of jurisdiction and further that he has not sold within this district any device alleged to infringe.

1. In my opinion the defendant is subject to process within this district. Section 48, Jud.Code, Title 28, § 109 U.S.C. A. The defendant has a regular and established place of business in the city of Rochester, in this district, and has offered for sale and sold within the district the device alleged to have been infringed. The facts here are not comparable with those in the case of New Wrinkle, Inc., v. Fritz, 30 F.Supp. 89, decided by this court. Unlike the facts in that case, the defendant corporation has an office in the district for which it pays rent, upon the door of which its name appears, in which it has a filing cabinet with its blanks and papers for use in connection with sales, where it keeps for demonstration and use in sales samples of the questioned devices, and which office is conducted by the defendant Burroughs, who is salesman of the defendant corporation. On one occasion at least the salesman delivered a device to a prospective purchaser and received pay for it. Perhaps little significance should be attached to this single act in view of the circumstances under which it took place. In the New Wrinkle case defendant corporation had no office in the district, and its connection with the district was solely through solicitation of orders by a salesman. In the instant case we have more than mere solicitation.

2. Upon the authority of the New Wrinkle case it must be held that the

action is maintainable against the defendant Burroughs.

Motion denied.