SHAPIRO, BERNSTEIN & CO., Inc., et al.
v. ROYAL PLASTICS CORPORATION
et al.

United States District Court
S. D. New York.
Civil Division.
Sept. 9, 1948.

Rosett & Weinstein, of New York City, for plaintiffs.

Jack Pearl, of New York City, for defendants.

RYAN, District Judge.

Three defendants, Royal Plastics Corporation, King Record Distributing Co. and Lois Music Publishing Co., all Ohio corporations, appear specially in this action by attorney and move to quash service of the summons and to dismiss for improper venue under Section 111 of the Copyright Act, July 30, 1947, c. 391, 61 Stat. 652, 17 U.S.C.A. § 111, now 28 U.S.C.A. § 1400.

The affidavits submitted raise sharp issues of fact; a determination of disputed questions of this nature may seldom be satisfactorily made solely on affidavits. The suggestion that oral testimony be offered was not accepted by either plaintiffs or defendants.

John A. Miller, author and registered copyright owner of the musical composition "Rainbow at Midnight", and Shapiro, Bernstein & Co., Inc., royalty publishers and assignees of the copyright sue for damages and for an injunction to restrain further alleged infringements.

Lois Music Publishing Co. is charged with infringement by publishing and distributing sheet music, Royal Plastics by manufacture and distribution of records, and King Records by sale and distribution of records.

Service of the summons was effected on Royal Plastics and King Records on May 12, 1948 by the United States Marshal on Fred Loewus at 762 Tenth Avenue, New York City.

An affidavit of one Gunther G. Hauer submitted by defendants contradicts the return of the Marshal and states that the summons and complaint were served upon him for the Royal Plastics and King Records. The return of the Marshal is accepted and it is found that Loewus was in fact the person served.

At the time of service Loewus stated that he was the District Sales Manager of both Royal Plastics and King Records. No affidavit of Loewus is submitted, although he was reasonably available. The testimony of an employee or agent is, of course, competent proof as to the extent of his authority and the scope of his employment.

The location where Loewus was served is a store; there is a current Manhattan telephone directory listing at that address under the name of King Record Distributing Co., with telephone number Columbus 5-7758; the street window bears lettering announcing it to be the "New York Branch" of King Records. The defendant King Records is a subsidiary of Royal Plastics and is the sole and exclusive distributor of all of the records manufactured by Royal Plastics. Both corporations occupy the same home offices at Cincinnati, Ohio, and the same "New York Branch" office. At this "New York Branch", the infringing records are sold by King Records and Roy-

al Plastics; a clerk there employed stated that it was the wholesale distributing office for these records.

The plaintiffs have established by creditable proof that not only are Royal Plastics and King Records to be "found" within this district, but also that they are "doing business" here. International Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057; Kilpatrick v. Texas & P. Ry. Co., 2 Cir., 166 F.2d 788, 791. It has also been established that Loewus is an agent of both corporations and one upon whom service may be effected.

Service of the summons was attempted on defendant Lois Music Publishing Co., on June 14, 1948, when the Marshal delivered and left a copy with one Phil Tanner at 1687 Broadway, New York City.

Proof submitted by plaintiffs does not satisfactorily establish as to Lois Music Co., either that Tanner is an agent or that that corporate defendant is to be "found" within this district.

Motions of Royal Plastics and King Records are denied; motion of Lois Music is granted.