**BACKER v. GONDER CERAMIC ARTS, Inc., et al.**

United States District Court
S. D. New York.
May 29, 1950.

738

Munn, Liddy & Glaccum, New York City, for plaintiff.

Margaret W. Smith, Howson & Howson, New York City, for defendant Gonder Ceramic Arts, Inc.

IRVING R. KAUFMAN, District Judge.

Defendant, Gonder Ceramic Arts, Inc., has moved to quash the service of process upon it and to dismiss the action for lack of jurisdiction over the defendant, an Ohio corporation, or its agents.

The action is for copyright infringement and venue is governed by Section 1400(a) of Title 28 U.S.C.A. which provides that: "Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found."

■ The questions of venue and service are essentially the same question, for the corporate defendant could only be "found" in this district if it has an agent here and is doing continuous business in the district, in which event the same person representing the corporation would be a sufficient agent for valid service of process. Shapiro, Bernstein & Co. v. Royal Plastics Corp., D.C.S.D.N.Y.1948, 81 F. Supp. 555.

■ Defendant contends at the outset that Section 1400(a) requires a stronger finding of "presence" of a corporation in a district than is usually required in order to obtain jurisdiction over a corporate defendant. There is no merit to this contention. The Supreme Court has said that "found" is equivalent to "presence" within a district, People's Tobacco Co. v. American Tobacco Co., 1918, 246 U.S. 79, 84, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas. 1918C, 537, and "presence" is now considered the test of whether a foreign corporation is subject to process in the general case. International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057. The Supreme Court in that case stated that a corporation was present in a state and subject to its process when: "the activities carried on in (its) behalf * * *

were neither irregular nor casual. They were systematic and continuous throughout the years in question * * *. It is evident that these operations establish sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit the state to enforce the obligations which appellant has incurred there." 326 U.S. at page 320, 66 S.Ct. at page 160.

Service upon the defendant corporation was effected in this state by serving the defendant David Fisk as "agent" of Gonder Ceramic Arts, Inc., an Ohio corporation which manufactures and sells various ceramic articles.

David Fisk has an office at 225 Fifth Avenue, New York City, and calls himself a "manufacturer's representative." He solicits orders for the corporate defendant in New York, and alleges that he also solicits orders for two other out-of-state corporations. Fisk claims to be merely an independent contractor. The affidavits submitted upon this motion indicate otherwise. The name of Gonder Ceramic Arts, Inc. appears prominently upon the entrance to Fisk's office, with neither of the names of the other two corporations for which he allegedly solicits orders so appearing. The corporate defendant is also listed in the telephone directory with the same telephone number and address as Fisk's, and is also listed in the directory in Fisk's office building. Neither of the other aforementioned corporations is so listed. Furthermore, it appears that defendant Gonder Ceramic Arts' letterheads list Fisk's office at 225 Fifth Avenue as its New York showroom. In addition to commissions paid Fisk, he is also credited with $45 a month by the corporate defendant towards payment of his rent.

■ These factors are more than sufficient to find that David Fisk was an agent of the defendant Gonder Ceramic Arts, Inc. and that he resides, and the corporation is found within this district for purpose of suit under Section 1400(a). Shapiro, Bernstein & Co. v. Royal Plastics

Corp., supra; Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33; Sterling Novelty Corporation v. Frank & Hirsch Distributing Co., 1949, 299 N.Y. 208, 86 N.E.2d 564.

The contentions of the corporate defendant herein that the reservation in the corporation of the power to refuse to accept orders, and the assumption of complete responsibility for the local office by the sales representative precludes a finding of "agency" or "presence" in the district were considered and overruled in the Bomze case, supra. Cf. International Shoe Co. v. Washington, supra. That case further affirmed the applicability of New York law in determining "presence" of a corporation within the State, and in the subsequent Sterling Novelty Corp. decision by the Court of Appeals of New York it was held that the circumstance that a foreign corporation is represented in its local activities by a separate individual is not determinative of the question whether it is amenable to process.

The corporate defendant herein relies strongly on the decision in Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 1949, 175 F.2d 900. In that case the Court refused to hold that a wholly owned subsidiary of a foreign corporation was an agent for purpose of service. That case is clearly distinguishable on its facts, for the Court said in 175 F.2d at page 901: "Neither Telephone (the subsidiary) nor Jones (vice-president of the subsidiary) is in any sense the agent of Kellogg, (the parent corp.). Indeed, neither, Jones nor Telephone was even empowered to solicit orders for Kellogg."

In this case Fisk was empowered to solicit orders and was sufficiently an agent of the corporate defendant so that service of process upon him constituted valid service on the corporation. The corporation was doing sufficient business within the district to support a finding that the corporation can be "found" here.

Motion by defendant Gonder Ceramic Arts, Inc. to quash the service of process and to dismiss the complaint denied.