### FARR CO. v. GRATIOT et al.
### Civ. No. 9759.

United States District Court
S. D. California, Central Division.

July 13, 1950.

———◆———

Lyon & Lyon, Los Angeles, Cal., for plaintiff.

Overton, Lyman, Plumb, Prince & Vermille, Harris, Kiech, Foster & Harris and Ward Foster, Los Angeles, Cal., for defendants.

HALL, District Judge. .

The defendant, Air Maze Corporation, is a Delaware Corporation. It has filed a motion to dismiss and to quash service of summons for want of jurisdiction and improper venue. While there is some dispute as to the extent of the agency and activities of the defendant Gratiot, who held himself out as "factory representative" of the defendant corporation, it is conceded by the corporate defendant that his activities were more than that of a mere solicitor of sales, and in fact that the corporation was "doing business" within this district in the "jurisdictional sense."

The question to be decided is this: whether under the 1948 Judicial Code a foreign corporation can be sued for patent infringement in a district in which it is admittedly "doing business" in the general jurisdictional sense, if it has not committed acts of infringement in the district and if it does not also have a "regular and established place of business in said district."

The question is one of statutory construction.

The Sections of the 1948 Judicial Code involved, Sections 1400(b), 1391(c) and 1694 of Title 28, are set out in the margin.[1]

The defendant contends that under Sec. 1400(b) it is necessary for jurisdictional and venue purposes that it shall appear that the defendant has committed acts of infringement *and* has a regular and established place of business within the district. It bases this contention on the many cases cited which arose under Sec. 109 of former Title 28 U.S.C.A., the predecessor of Sec. 1400(b) of the 1948 Judicial Code. There are several reasons why I cannot agree. Section 1400(b) of the 1948 Judicial Code is cast in the alternative —jurisdiction arises in the district where the defendant "resides" *or* where acts of infringement and a regular and established place of business exists. The former Section 109 provided for jurisdiction where the defendant was an "inhabitant" *or* in the same alternative as the present section. Former Title 28, did not define "inhabitant," but it was settled that under former Sec. 109 a corporation was an "inhabitant", only of the state of its incorporation. Weller v. Pennsylvania R. Co., et al., C.C.Colo. 1902, 113 F. 502; Bulldog Electric Products Co. v. Cole Electric Products Co., 2 Cir., 1943, 134 F.2d 545–547.[2] Sec. 1391(c) of the 1948 Judicial Code does define the word "residence" of a corporation to include a district where it shall be "doing business." That definition of "residence" is equally applicable to Sections 1400 and 1694 of the 1948 Judicial Code.

The defendant corporation is concededly "doing business" in this district. It therefore "resides" in this district for the purpose of jurisdiction and venue under the first alternative clause of 1400(b). For the same reason the defendant corporation is a "resident" of this district under Section 1694 of the 1948 Judicial Code and the service of process upon the defendant corporation by serving Gratiot is a valid service of process upon the defendant corporation under that Section.

While it is true that a corporation which has a "regular and established place of business," in a district is almost surely "doing business," in that district nevertheless the construction here given to Section 1400(b) makes effective the latter alternative clause of that Section. Not every infringer is a corporation. An individual can reside in only one State, whereas a corporation can "reside" for the purpose of suit in many, i. e., wherever it is "doing business." Either a corporation or an individual may commit acts of infringement in a district and not either be doing business or have a regular and established place of business in that district. And an individual may reside in one state but be subjected to jurisdiction under Sec. 1400(b), because he may be committing acts of infringement and also have a regular and established place of business in another state and district, regardless of where he "resides."

The defendants rely strongly upon Stonite Products Co. v. Melvin Lloyd Co., 1942, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026, which pointed to the abuses which had existed in choice of venue under the law prior

---

1. "§ 1400. Patents and copyrights
"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."
"§ 1391. Venue generally
"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

"§ 1694. Patent infringement action
"In a patent infringement action commenced in a district where the defendant is not a resident but has a regular and established place of business, service of process, summons or subpoena upon such defendant may be made upon his agents conducting such business."

2. See also for general discussion Galveston H. & S. A. R. Co. v. Gonzales, 151 U.S. 496, 14 S.Ct. 401, 38 L.Ed. 248; and Neirbo Co. et al. v. Bethlehem Shipbuilding Corporation, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167, 128 A.L.R. 1437.

322

to the adoption of Sec. 109, in its then form, and held that Section 109 was intended to cure those abuses and thus controlled over the general provisions of Section 113 of former Title 28. But such reliance overlooks the fact that the abuses in the choice of venue mentioned in the Stonite case may be cured by the use of the provisions for the transfer of cases permitted by Section 1404(a) and 1406 of the 1948 Judicial Code, which are entirely new, and not just a revision or rephrasing of existing law.

The defendants finally contend that it appears from the revisors' notes that no change was intended in existing law. I do not agree that the revisors' notes say that. Furthermore, I cannot agree that the revisors' notes as to any particular section should control over the text of the Code, where there is no ambiguity in the text. The 1948 Judicial Code has many changes in it and many additions to it, which must be read together with any individual section; for instance, the addition of Sections 1404(a) and 1406 just mentioned. To accept the defendants' contention would be to say that these two sections apply to neither 1400(a) nor 1400(b). Moreover, Sections 1393 to 1404 inclusive, each deal with venue in particular types of cases. Residence is the basis of venue in many of them: 1393(a) as to suits in divisions of a District; 1396 as to suits for collection of internal revenue taxes; 1397 as to interpleader; 1398 as to Interstate Commerce Commission Orders; 1400(a) as to copyrights; and 1402 as to certain types of action against the United States in which case the residence of the plaintiff may control. To adopt the construction contended for by the defendants, would be to say that Section 1391(c) with its definition of residence either applied to Sections 1393(a), 1396, 1397, 1398, 1400(a), and 1402, but did not apply to 1400(b); or to say that it applies to none of them, which would leave it meaningless.

The long and short of defendants' contention would be to require judicial legislation by adding to the end of Section 1391 (c), the phrase, "except in patent litigation;" which would also require a different

meaning to the word "resides" in Section 1400(b), than that given to it in any other section; and in fact would require the court to judicially legislate as to its meaning.

I have not deemed it necessary to discuss the many cases arising under former Sec. 109, Title 28, U.S.C.A., or the many cases dealing with the word "inhabitant", "citizen", "residence", or "doing business", for the reason that the Statute is as clear as the English language can make it that a corporation which is "doing business" in a district "resides" in it, regardless of where it is an "inhabitant" or of the state of which it may be a "citizen."

The motion to dismiss is denied, and the motion to quash service of process is denied for the foregoing reasons.