## DOLLY TOY CO. v. BANCROFT-RELLIM CORP.

United States District Court
S. D. New York.
May 7, 1951.

Toulmin & Toulmin, Dayton, Ohio, Lundgren & Lincoln, New York City, Franklin B. Lincoln, Jr., New York City, C. E. Crafts, Dayton, Ohio, of counsel, for plaintiff.

Fritz Ziegler, New York City, Arthur D. Thomson, Boston, Mass., of counsel, for defendant.

IRVING R. KAUFMAN, District Judge.

The defendant moves for an order transferring this action to the District Court for the District of Massachusetts for the convenience of parties and witnesses and in the interest of justice, under the provisions of Title 28, U.S.C. § 1404(a), or, in the alternative, to dismiss the action under the provisions of Title 28, U.S.C. § 1406(a), on the grounds (1) that venue is laid in the wrong district and (2) that the defendant is not subject to the jurisdiction of this Court under the provisions of Title 28, U.S.C. § 1400(a) and (b), relating to copyright and patent actions, or, in the alternative, to transfer the action to the District Court for the District of Massachusetts, under Section 1406(a).

The action is one for copyright and patent infringement and unfair competition. The complaint avers that plaintiff is an Ohio corporation; that the defendant is a Massachusetts corporation, having a regular and established place of business at 15 West 34th Street, New York, N.Y., where the charged infringing acts were committed; that this suit arises under the patent and copyright laws and involves unfair competition between citizens of different states in a sum greater than $3,000.

Defendant's president, Morris Miller, has submitted an affidavit in which he asserts that the defendant manufactures nursery accessories; that the back page of its catalog carries the legend "Bancroft-Rellim Corp. * * * Boston 10, Mass." under which appears in smaller type "New York City, 15 West 34th St. * * * Other showrooms: New York: Brantz Company, 1314 New York Furniture Exchange * * *" and other addresses; that most of defendant's sales are made through manufacturers' representatives, paid by commission; that the defendant subleases a portion (900 of 5,000 square feet) of the premises occupied by Nursery Furniture Company, at 15 West 34th Street, New York City, as a sample room for the display of its merchandise; that defendant's rent is $300 per month of a total of $750; that defendant does not have its own phone but a listing under the number of the Nursery Furniture Company; that defendant has no stationery having a New York address thereon; that defendant has no officers, agents, or employees at 15 West 34th Street, New York City; that the space is rented to display samples to prospective buyers and no stock is carried or merchandise shipped or delivered therefrom; that defendant's name appears on the bulletin board on the ground floor at 15 West 34th Street; that Louis Raisman is vice-president and sales manager of defendant and he spends three or four days a week in New York calling on the trade and buyers, uses defendant's show space at 15 West 34th Street to display samples and takes orders from such customers and from the buyers on whom he calls. Customers may make appointments with Raisman or one of the defendant's factory representatives; in their absence, an employee of Nursery Furniture or one of the sub-lessees will fill out an order blank for the defendant which is sent to defendant's Boston office. The affidavit further states that all of defendant's witnesses reside in or near Boston, as do defendant's general and patent counsel; that all of defendant's business records are in Boston; that defendant does not have a regular established place of business and is not doing business within the Southern District of New York and has not committed any act of infringement in said district; and that the pads complained of are manufactured and sold only from defendant's Boston place of business.

Defendant's affidavit of Louis Raisman asserts that he is vice-president and general sales manager of defendant and receives a salary only; he may accept orders in New York City subject to approval by the credit department of the defendant in Boston; when in New York on business he uses the premises at 15 West 34th Street to receive and make telephone calls, exhibit samples of defendant's merchandise because it is not possible for him to carry such samples with him. Raisman recalls receiving an order at 15 West 34th Street and accepting a check in payment of the merchandise ordered, which he says he sent to Boston with the order for acceptance and which he further charges was done for the purpose of gathering evidence for this suit.

Plaintiff has submitted affidavits, the purpose of which is to establish that the defendant is carrying on a regular business of soliciting and obtaining orders in New York City; that one Greenbaum is the agent and representative of the defendant; that defendant's name is listed in the building directory at 15 West 34th Street; that defendant is listed in the Manhattan telephone directory as having a place of business at 15 West 34th Street; that defendant lists a New York place of business on the back page of its catalog; that Greenbaum, at 15 West 34th Street, takes orders for and makes sales of defendant's merchandise, which Greenbaum displays at said address; that there have been extensive displays of defendant's merchandise at 15

West 34th Street in defendant's place of business.

The affidavits of Charles F. Perner assert the placing of an order for three each of the accused articles; that Raisman made out an order form on Bancroft-Rellim order forms and that Perner gave Raisman a check to the order of Bancroft-Rellim for $29.50 in payment of the order and that the order was delivered subsequently on March 6, 1951.

Plaintiff's president, Hubert Holtvoigt, asserts in an affidavit that he believes that necessary proof of the sale of defendant's goods, injury to plaintiff's good will and unfair trade practices of defendant will be established by New York City residents. He further asserts that New York is the center of the toy, nursery furniture and accessory business; that buyers go there from numerous sections of the United States and because of the prevalence of the manufacturers, distributors and representatives in New York City, plaintiff will develop its witnesses there as to defendant's unfair trade practices.

The affidavit of C. E. Crafts, one of plaintiff's attorneys, states that on the trial of this action in New York, plaintiff expects to call as witnesses in its behalf Herman Robben, Bernard Greenbaum and Charles Perner, all of whom have submitted affidavits on this application and all of whom have knowledge relating to the matters concerning the litigation; that plaintiff will also call other witnesses whose names are not presently known, for the purpose of establishing proof of unfair competition and copyright and patent infringement, and that said witnesses are not available by process in Massachusetts. Three witnesses from Dayton, Ohio, will also be called.

■ I shall first dispose of the application made pursuant to Title 28, U.S.C. § 1404(a). The criteria used to determine a motion to transfer are in most cases, those enumerated by the Supreme Court in Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 843, 91 L.Ed. 1055 and Ferguson v. Ford Motor Co., D.C.S.D.N.Y.1950, 89 F.Supp. 45. Criteria generally to be considered are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; also other practical problems that make trial of a case easy, expeditious and inexpensive.

At the outset it should be noted that the defendant does not state how many witnesses it intends to call or the nature, relevancy or materiality of their testimony. One witness undoubtedly will be Raisman who, by his own assertion in his affidavit, spends three or four days each week in New York City. There is no statement concerning what business records are necessary or their relevancy.

■ It is established law that the balance of convenience must be "strongly in favor of the defendant" before transfer will be ordered. Gulf Oil Corp. v. Gilbert, supra. Thus the party seeking transfer cannot obtain it by a bare balance of convenience in its favor. Perry v. Atchison, T. & S. F. Ry. Co., D.C.N.D.Cal.1948, 82 F.Supp. 912; or on mere speculation as to the conveniences. Skultety v. Pennsylvania R. Co., D.C.S.D.N.Y.1950, 91 F.Supp. 118. In this Circuit, the Court of Appeals has established the "strong balance of convenience" doctrine as to 1404(a), mainly because of plaintiff's venue privilege. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329. The venue privilege of the plaintiff has been stated by many courts as being of substantial weight in plaintiff's favor. See, e. g. Nagle v. Pennsylvania R. Co., D.C. N.D.Ohio 1950, 89 F.Supp. 822, 823; Naughton v. Pennsylvania R. Co., D.C.E. D.Pa.1949, 85 F.Supp. 761; Cullinan v. New York Central R. Co., D.C.S.D.N.Y.1948, 83 F.Supp. 870.

The plaintiff asserts that New York witnesses, Perner, Greenbaum, Robben and Diehl, in addition to other witnesses whom it will subsequently uncover in connection with the unfair competition phase of the case will testify at the trial either willingly or by subpœna; if by subpœna they will be beyond the jurisdiction of the federal court in Boston.

It is also asserted that the controversy here is not a local one, for according to defendant's own catalog, it has show rooms and places of business in New York, Chi-

cago, San Francisco and other places. It is urged further by plaintiff that New York has a substantial contact with the litigation since it must be recognized that New York is the center of this particular type of business.

There is no charge in this case that plaintiff has sought to vex, harass or oppress the defendant nor has plaintiff shopped for a forum.

■ I am of the opinion, therefore, that upon this application the defendant has fallen far short of establishing that there is a strong balance of convenience in its favor—strong enough to overcome plaintiff's venue privilege. Indeed, I gain the impression from the papers submitted to me that the balance of convenience is in plaintiff's favor and requires a holding that the action should not be transferred to the District Court of Massachusetts pursuant to Title 28, U.S.C. § 1404(a).

We now approach the alternative motion—to dismiss the action under the provisions of Title 28, U.S.C. Section 1406(a) on the grounds that

(1) Venue is laid in the wrong district; and

(2) The defendant is not subject to the jurisdiction of this Court under the provisions of Title 28, U.S.C. § 1400(a) and (b),

or, in the alternative, to transfer the action to the District Court for the District of Massachusetts under Section 1406 (a).

Plaintiff's first cause of action is for copyright infringement. Title 28, U.S.C. § 1400(a) provides that copyright actions may be instituted in the district in which the defendant or his agent resides or may be found. In the case at bar Greenbaum has an office at 15 West 34th Street, New York City and calls himself a manufacturer's representative. He solicits orders for the defendant and other out-of-state corporations, in New York. He entertains buyers and out-of-town purchasers at his place and displays the accused merchandise openly and freely and has a supply of defendant's catalogs. Raisman, the vice-president and sales manager of the defend-

ant, uses the space to sell defendant's goods to his customers. He makes appointments to see prospects there and uses the telephone at defendant's business. He also spends three or four days a week in New York City at defendant's business. Defendant pays nearly 40% of the rent at 15 West 34th Street and occupies nearly 20% of the space. The name of the defendant company appears on the building directory and neither Greenbaum's company nor any other company connected with him is listed. The defendant is listed in the Manhattan telephone directory under its own name with the same telephone number and address as Greenbaum's. Defendant's order blanks carry the address 15 West 34th Street as its New York showroom. Its catalog shows 15 West 34th Street, as its New York showroom. In addition to receiving commissions, Greenbaum is paid $300 a month or 40% of the total rent by the defendant.

The facts in this case are almost identical with the facts in Backer v. Gonder Ceramic Arts, Inc., decided by this Court in May 1950, 90 F.Supp. 737, 738. In that case service upon the defendant corporation in a copyright infringement case was made by serving one David Fisk, "a 'manufacturer's representative.'" The facts indicating agency in that case were not as strong as those in this case. This Court held, 90 F.Supp. at pages 738–739: "These factors are more than sufficient to find that David Fisk was an agent of the defendant Gonder Ceramic Arts, Inc. and that he resides, and the corporation is found within this district for purpose of suit under Section 1400(a). Shapiro, Bernstein & Co. v. Royal Plastics Corp., supra [D.C., 81 F.Supp. 555]; Bomze v. Nardis Sportswear, 2 Cir., 1948, 165 F.2d 33; Sterling Novelty Corporation v. Frank & Hirsch Distributing Co., 1949, 299 N.Y. 208, 86 N.E.2d 564 [12 A.L.R.2d 1435]."

The Supreme Court has said that "found" is equivalent to "presence" within a district. People's Tobacco Co. v. American Tobacco Co., 1918, 246 U.S. 79, 84, 38 S.Ct. 233, 62 L.Ed. 587 and "presence" is now considered the test of whether a foreign corporation is subject to process in the general case. In-

ternational Shoe Co. v. State of Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95. The Supreme Court in that case stated that a corporation was present in a state and subject to its process when "the activities carried on in (its) behalf * * * were neither irregular nor casual. They were systematic and continuous throughout the years in question. * * * It is evident that these operations establish sufficient contacts or ties with the state of the forum to make it reasonable and just according to our traditional conception of fair play and substantial justice to permit the state to enforce obligations which appellant has incurred there." 326 U.S. at page 320, 66 S.Ct. at page 160.

Service upon the defendant corporation was effected in this state by serving Raisman, the vice-president and sales manager of the defendant corporation. I believe that the facts in this case are sufficient to find that not only was Raisman defendant's agent but that Greenbaum was an agent of the defendant and that he resides and the corporation is found within this district for the purpose of suit under Section 1400(a).

It should be recalled that Raisman had specifically taken Perner's order on the defendant's order blank, had accepted Perner's check in payment—all at 15 West 34th Street. I believe that the defendant and its agent were "found" in this district in accordance with Title 28, Section 1400(a).

The second cause of action is for patent infringement. Such actions may be brought in the district where the defendant has committed acts of infringement and has a regular and established place of business. Title 28, U.S.C. § 1400(b). The facts establish that Perner approached Raisman and made the purchase of the accused articles, paid for by check, all at 15 West 34th Street. This check was subsequently cashed by the defendant. The articles were delivered to Perner in New York City.

There are several ways of infringing but the sale of a patented device is one way. Ferguson v. Ford Motor Company, D.C.S.D.N.Y.1948, 77 F.Supp. 425, 435. I shall not repeat the facts set forth

above which tend to establish that the defendant has a regular and established place of business at 15 West 34th Street, New York City. Suffice it to say, all the facts seem to indicate that the defendant is transacting business within this district and that its business there is systematic and continuous and is not irregular nor casual. International Shoe Co. v. State of Washington, supra; Winkler-Koch Engineering Co. v. Universal Oil Products Co., D.C.S.D. N.Y.1946, 70 F.Supp. 77, 85; Urquhart v. American LaFrance Foamite Corporation, 1944, 79 U.S.App.D.C. 219, 144 F.2d 542, 543; Shapiro, Bernstein & Co. v. Royal Plastics Corporation, D.C.S.D.N.Y.1948, 81 F.Supp. 555; Farr Co. v. Gratiot, D.C. S.D.Cal.1950, 92 F.Supp. 320; Philad Co. v. National Mineral Co., D.C.S.D.N.Y.1936, 14 F.Supp. 625; Egry Register Co. v. Atlantic Register Co. D.C.W.D.N.Y.1941, 38 F.Supp. 590.

The contention by the defendant that orders had to be approved in Boston carries little weight. This argument was presented, considered and overruled by the Court of Appeals for this Circuit in Bomze v. Nardis Sportswear, supra.

Furthermore, in the instant case, it would appear that Raisman, the sales manager, would be charged with the duty of approving sales orders. In this instance Raisman was in New York; he solicited the order, filled out the order blank and ultimately made delivery in New York City.

For the purpose of this motion it appears that the defendant has a regular and established place of business in this district within the meaning of the statute, and that this court has jurisdiction over the second cause of action. However, even if jurisdiction was doubtful in this case, the fact that the first cause of action will be retained here would allow the court to retain jurisdiction for trial over the second cause of action. Approximately the same proofs will be made to substantiate each of the two causes of action. I have held that sufficient has been shown to warrant the trial of the alleged copyright infringement in this district. The ultimate determination of the jurisdictional objections to the second cause of action could best be deter-

mined by the trial court. Ferguson v. Ford Motor Co., supra, 77 F.Supp. at page 436.

I deny defendant's motion in all respects. Settle order on notice.