**JACK LENOR LARSEN, INC., Plaintiff,**

v.

**DAKOTAH, INCORPORATED, dba Dakotah Handcrafts by Tract, Defendant.**

No. 78 Civ. 844.

United States District Court,
S. D. New York.

June 6, 1978.

Blum, Moscovitz, Friedman & Kaplan, New York City, for plaintiff; Fulton Bry-

100

lawski, J. Michael Cleary, Brylawski & Cleary, Washington, D. C., of counsel.

Forman & Meltzer, P. C., New York City by David L. Forman, New York City, for defendant; Herman H. Bains, Williamson, Bains, Moore & Hansen, Minneapolis, Minn., of counsel.

LASKER, District Judge.

Jack Lenor Larsen, Inc., (Larsen) moves for a preliminary injunction to restrain Dakotah, Inc. (Dakotah) from dealing in fabrics bearing a textile design known as Arctic Ice, which it is alleged infringes the copyright of Larsen's "High Range" design. Dakotah cross-moves to dismiss for lack of jurisdiction or alternatively for a change of venue. The motion for a preliminary injunction is granted to the extent specified below. The motions to dismiss and for a change of venue are denied.

In opposition to Larsen's motion, Dakotah asserts that the design of Arctic Ice is not substantially similar to that of High Range, that in any event, it was not copied from High Range, that if it was copied, the copying was innocent and that if any preliminary injunction is to be granted it should not be so broad as to require Dakotah to recall from its customers the items of Arctic Ice presently in their possession.

On the original motion for a temporary restraining order, the court made a physical comparison of specimens of Arctic Ice and High Range and concluded that the designs were indeed substantially similar within the meaning of the Copyright Law and cases construing it. On this motion we have re-examined the fabrics and find no basis for altering our view. The general design, style and tone of the patterns is such that an average lay observer would be likely to recognize Arctic Ice as having been derived from High Range. *Ideal Toy Corporation v. Fab-Lu Ltd., (Inc.)*, 360 F.2d 1021, 1022 (2d Cir. 1966); *Peter Pan Fabrics Inc. v. Martin Weiner Corp.*, 274 F.2d 487, 489 (2d Cir. 1960) (Hand, J.).

Moreover, Dakotah has not met its burden of establishing that Arctic Ice was not, at least indirectly, derived as a copy of High Range. While the affidavits of

George Whyte and Belinda Ballash give strong support to the proposition that any copying which may have occurred was innocent, they seem to confirm that Arctic Ice was designed from photographs observed by them at Bloomingdale's New York, which were photographs of High Range (although not to their knowledge) and photographs contained in a copyrighted article from Casa Vogue Magazine (July-August 1976) which also contained photographs (unknown to them) of High Range. While this history may relieve Dakotah of moral responsibility, it does not negate legal responsibility.

In the circumstances, injunctive relief is appropriate. Larsen has clearly established the probability that it will succeed in showing that Arctic Ice is indeed a copy, directly or indirectly, of High Range. However, in view of the slender resources of Dakotah, as indicated in the affidavits of George Whyte, the damage to Dakotah's reputation which would occur if it were required to recall from its customers products presently in their stores, and because to require such recall would grant full relief to the plaintiff at a preliminary stage of the litigation, the injunction to be issued will be limited to the terms of the temporary restraining order granted on March 10, 1978: that is, will restrain the defendant, and others named in the order, from producing, printing, publishing, or offering for sale or selling Arctic Ice fabrics.

The motion to dismiss for lack of jurisdiction is denied under the Authority of *Backer v. Gonder Ceramic Arts*, 90 F.Supp. 737 (S.D.N.Y.1950) (Kaufman, J.), the facts of which are strikingly similar to those of the case at hand. The motion for a change of venue is denied without prejudice to renewal upon a full showing of the precise extent to which the trial of the case in this district would actually affect or impair the operations of Dakotah.

Submit order on notice.