CHARLES McMICKEN, APPELLANT, *v.* FRANKLIN PERIN.

Where this court affirmed a decree of a Circuit Court, which was, that a conveyance of property should be executed upon the payment of a sum of money; and the Circuit Court proceeded to carry out its decree by issuing an attachment against the party who refused to execute such conveyance, an appeal will not lie to this court from the order directing the attachment.

The appeal must be dismissed, with costs, on motion.

THIS was an appeal from the Circuit Court of the United States for the eastern district of Louisiana.

It was before this court at a preceding term, and is reported in 18th Howard, 508.

When the mandate of this court went down, the money therein mentioned was tendered to McMicken, who refused to accept it; whereupon, an order was obtained to attach him for contempt, in refusing to make the conveyance required by the decree. Whilst in custody of the marshal, he executed the conveyance, and at the same time took an appeal from the order to attach.

*Mr. Taylor* moved to dismiss the appeal, which motion was opposed by *Mr. Gillet.*

*Mr. Taylor* referred to the cases of Watson *v.* Thomas, Littell's Select Cases, (6 Lit.,) 248; Carr *v.* Hoxie, 13 Pet., 462; and Lovelace *v.* Taylor, 6 Rob. R., 93.

Mr. Justice McLEAN delivered the opinion of the court.

This is an appeal from the Circuit Court for the eastern district of Louisiana.

The defendant, Perin, in the year 1848, being desirous of purchasing the interests the Fletchers had in a plantation, with

the improvements thereon, situated in the parish of East Baton Rouge, in the State of Louisiana, applied to Charles McMicken, a relation of his, living in Cincinnati, Ohio, to loan him five thousand dollars for the purchase, which he agreed to do; and, in order to secure McMicken, it was agreed that he should take the title in his own name in trust, on condition that Perin should pay him the money advanced. And it appears that, under various pretences, McMicken sought to hold the plantation as his property.

A bill was filed by Perin for a specific execution of the contract, by a conveyance to him on the payment of the five thousand dollars borrowed.

And after various proceedings were had and testimony examined, the court decreed that Perin, within six months, shall pay McMicken the sum of $7,266.30, with interest thereon at the rate of eight per cent., from the date until paid; and, on the payment thereof, that McMicken shall convey to Perin the undivided three-fourths part of the plantation aforesaid, in the parish of East Baton Rouge. Subsequently, the time for the payment of the money was extended three months. But this order was afterwards annulled, and an appeal to the Supreme Court from the decree was granted.

And afterwards, at the January term, 1857, on filing the mandate of the Supreme Court of the United States affirming the decree of the Circuit Court, and upon showing that a tender had been made of the sum of money specified in said decree, and the interest thereon, by said Perin to said McMicken, according to the terms of the decree, to wit, the sum of eight thousand seven hundred and fifty-five dollars, which sum has been deposited in this court in satisfaction of said decree by Perin, and upon filing the affidavit of Perin that McMicken refuses to convey the premises directed by said decree, the deed being herewith filed, it is therefore ordered that said defendant, Charles McMicken, do show cause, on Saturday, the 17th instant, at 10 o'clock A. M., why an attachment should not issue to enforce compliance with said decree.

On the same day the mandate was entered, and prior to its entry it was proved, by the affidavit of Perin, that a tender of the above sum was made to McMicken, which he refused.

In answer to the rule to show cause why an attachment should not issue against him, various reasons were assigned, all of which were overruled by the court, and an attachment was ordered to issue to compel the defendant to execute a conveyance, as directed by the decree; and, further, that the defendant should pay the costs of the rule. From this decision the defendant prayed an appeal to the Supreme Court, which

was allowed, and on which bond was given. This is the appeal now before us, and which a motion is made to dismiss.

By the appeal from the former decree, the time within which the money was required to be paid was necessarily suspended. But that decree having been affirmed by the Supreme Court, and remanded to the Circuit Court to be carried into effect, nothing further was required to be done. The tender and deposit of the money in court was all that Perin was required to do, to authorize the court to attach McMicken for a contempt, in refusing to make the conveyance. This involved no new question or decision; but was the ordinary means of enforcing the original decree. In no sense was this a final decree on which an appeal could be sustained. It is, in effect, the same as ordering an execution on a judgment at law, which had been affirmed on error, and remanded for execution to the Circuit Court. It has been held that an order of sale in execution of an original decree is not a final decree, on which an appeal will lie. (Keene v. Warren, 13 Peters, 439.)

There are cases in which a second appeal may be taken, but it must be founded on a procedure subsequent to the original decree, and in a matter not concluded by it.

This appeal is dismissed, at the costs of appellant.