**SOUTHERN TEXTILE MACHINE CO., Inc., Plaintiff,**

v.

**ISLEY HOSIERY MILLS, Inc., International Textile Machine Co. and Joseph E. Kienel, d/b/a Specialty Manufacturers and Sales Co., Defendants.**

Civ. No. 988-G.

United States District Court
M. D. North Carolina,
Greensboro Division.

July 15, 1957.

Welch Jordan, Greensboro, N. C., for plaintiff.

Edward Taylor Newton and George M. Hopkins, Atlanta, Ga., Frazier & Frazier, Greensboro, N. C., for defendants.

HAYES, District Judge.

The primary purpose of plaintiff's case is based on infringement by the defendant of patent owned by the plaintiff.

The plaintiff alleges another cause of action against the defendants for representing to the plaintiff's purchasers that the machines made by the plaintiff infringe patents owned by the defendant. The plaintiff denies that his machines infringe any patents owned by the defendant and asks for damages against the defendant for injuries already inflicted by making threats to sue plaintiff's customers and also seeks an injunction.

The Isley Manufacturing Co. is a North Carolina corporation with its principal place of business in the Middle District of North Carolina which according to the plaintiff has purchased two of the infringing machines from the other defendants. But the manufacturer of the machines alleged to infringe is Joseph E. Kienel doing business as Specialty Manufacturers and Sales Co. of the Northern District of Georgia, and has as his exclusive agent for the State of North Carolina a co-defendant International Textile Machine Co., a corporation of North Carolina with its principal place of business at Charlotte, N. C.

■■ The venue for an infringement of a patent is controlled exclusively by Title 28 U.S.C. § 1400(b). Stonite Products Co. v. Melvin Lloyd Co., 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 and Fourco Glass Co. v. Transmirra Corporation, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786. The venue also where one is accused to infringe another's patent confers upon the alleged infringer the right to maintain an action against the holder of the patent for the purpose of determining the validity of the patent as well as infringement. The venue, therefore, of a patent infringement action whether brought by the owner of the patent or by the alleged infringer should be the same. United States Galvanizing and Plating Equipment Corp. v. Hanson-Van Winkle-Munning Co., 4 Cir., 104 F.2d 856, approving E. Edelman and Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Grip Nut Co. v. Sharp, 7 Cir., 124 F.2d 814; Federal Tel. and Radio Corp. v. Associated Tel. and Tel. Co., 3 Cir., 169 F.2d 1012.

■■ Although the plaintiff asserts another cause of action for unfair trade practice it is so inseparably interwoven with the other two causes of action that the evidence would have to be identical and it would not be expedient to separate the causes of action and thus subject litigants and the court to two trials when one can easily dispose of all matters in controversy. Therefore, the case of the plaintiff against the two principal defendants should be transferred to the Western District of North Carolina for further proceedings and the case retained on the docket as against Isley Hosiery Mills and further proceedings stayed to await the final action against the other defendants.