BRADFORD NOVELTY CO., Inc.,
Plaintiff,

v.

Magnus M. MANHEIM and Samuel Eppy
& Co., Inc., Defendants.

United States Distict Court
S. D. New York.

Nov. 14, 1957.

490

Judah B. Felshin, New York City, for plaintiff. Harold E. Cole, Boston, Mass. of counsel.

Samuel J. Stoll, Jamaica, for defendant Samuel Eppy & Co., Inc.

IRVING R. KAUFMAN, District Judge.

This is a suit arising out of an alleged patent infringement. One of the defendants, Samuel Eppy & Co., Inc., hereinafter referred to as "Eppy", has moved to dismiss the complaint against him on grounds of improper venue.

The complaint charges Eppy and his distributor, one Magnus M. Manheim, with infringing plaintiff's patent for Christmas tree ornaments by manufacturing and selling within the Southern District and elsewhere in the United States Christmas ornaments allegedly modeled after and copied from plaintiff's patented product. A further cause of action charging unfair competition is directed solely against the moving defendant.

The plaintiff was incorporated and has its principal place of business in Cambridge, Massachusetts. Defendant, Eppy, is a New York corporation allegedly engaged in the manufacture and sale of Christmas ornaments with its principal place of business in Jamaica, Queens, which is situated within the Eastern District of New York. Defendant, Manheim, who is not contesting the venue as to himself in this action, conducts his business in Manhattan and is reputedly one of Eppy's primary distributors in the Southern District.

It is plaintiff's contention that since venue has been properly laid in regard to one infringer who concededly has a place of business in this district and the acts of both defendants are joint and relate to the same article, in the interests of justice and convenience both actions should be tried together in the Southern District. While I am most sympathetic to plaintiff's argument, being a strong advocate of liberal joinder where it will avoid duplication of judicial effort and the possibility of conflicting rulings, I must nevertheless apply the operative venue provisions as I find them.

The pertinent statute containing the venue provisions for a patent infringement action provides that:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular established place of business." 28 U.S.C. § 1400.

In order to establish venue in this district in compliance with the above statute plaintiff has alleged that Eppy is engaged in business in the Southern District. It would appear that this contention is founded on a telephone listing for defendant in the Manhattan telephone directory giving its address as 15 East 26th Street, New York City, in addition to the Jamaica address. This is the only shred of evidence linking this defendant to the Southern District. Actually, the operations at the 26th Street offices are conducted almost exclusively by one of Eppy's distributors. There is no indication that Eppy maintains stock, has employees, or conducts any business at this address. Moreover it denies paying rent in connection with such premises. Under these circumstances it is difficult to see how we can sustain the jurisdiction of this court under § 1400 to proceed with an adjudication of the merits of the case in the face of an attack on the venue.

Plaintiff's reliance in his papers on 28 U.S.C. § 1392(a) is misplaced. That section reads as follows:

"Any civil action, not of a local nature, against defendants residing in different districts in the same State, may be brought in any of such districts."

Though this general language, taken by itself would ordinarily be broad enough to cover the situation at hand, it is a simple maxim of legislative construction that when a general and specific provision (§ 1400) appear together in one statute any inconsistency between the two must be resolved in favor of the specific provision. The Supreme Court has in fact held that venue in infringement actions is to be exclusively determined by § 1400 and that joint defendants residing in different judicial districts cannot be properly joined in one action. Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786; Stonite Products Co. v. Melvin Lloyd Co., 1944, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026.

■■ The patent venue statute reflects a legislative policy recognizing the technical and intricate nature of patent litigation. Because of the obvious difficulty involved in a court attempting to ascertain from the mass of technical data presented the pertinent and determinative facts, Congress saw fit to narrowly confine the venue provisions applicable to this type action. It was their belief that practicality and convenience are best served when the case is prosecuted where the alleged acts of infringement occurred and where the defendant has a regular and established business. See Ruth v. Eagle-Picher Co., 10 Cir., 1955, 225 F.2d 572, 577. Even assuming arguendo that Eppy was engaged in sufficient activity in the Southern District for purposes of the "doing business" provision of 28 U.S.C. § 1391 his most tenuous connection with his Manhattan office is altogether insufficient to satisfy the "regular and established place of business" criterion in § 1400. See Kamkap, Inc., v. Worldsbest Industries, Inc., D.C. S.D.N.Y.1956, 140 F.Supp. 854.

Plaintiff also contends that its action against Eppy for unfair competition is independently founded on diversity of citizenship and is, therefore, properly brought in this district, § 1400 being inapplicable to common law actions for unfair competition. This being so plaintiff argues that the court can properly retain jurisdiction over related and similar claims of patent infringement on the principle that once federal jurisdiction over an action is established it is competent for the court to resolve the whole controversy, including those issues for which federal jurisdiction cannot be independently established.

In Dolly Toy Co. v. Bancroft-Rellim Corp., D.C.S.D.N.Y.1951, 97 F.Supp. 531, 536, after finding venue properly laid under § 1400 I noted that even if jurisdiction was doubtful under that section the fact that the first cause of action for copyright infringement was to be retained here would permit the court to retain jurisdiction over the related claim for patent infringement.

Similarly, in Ferguson v. Ford Motor Co., D.C.S.D.N.Y.1948, 77 F.Supp. 425, at page 436, Judge Ryan observed that jurisdiction over an infringing action might be retained solely on the basis of the cause of action charging violation of anti-trust laws.

■■ The obiter dictum in both of these cases, though sanctioning the retention of a patent infringing action instituted in disregard of the venue provisions of § 1400 where jurisdiction over alleged copyright infringement or anti-trust violations was already established, does not go so far as to support the proposition that plaintiff is now urging upon this court. I am not aware of any case which has ever suggested that by reason of jurisdiction over an action sounding in unfair competition a court may justifiably entertain a patent infringement action, otherwise outside the court's jurisdiction. In the recent decision of Southern Textile Machine Co. v. Isley Hosiery Mills, Inc., D.C.M.D.N.C.1957, 153 F.Supp. 119, the court surrendered jurisdiction of a patent infringement action without even considering its possible retention as an issue ancillary to the court's jurisdiction over an unfair competition action between the same parties. Where the court is properly vested with one cause of action embodying the principal or fundamental controversy be-

tween the parties the court may justifiably retain jurisdiction over ancillary or related issues. Such were the cases cited above where anti-trust and copyright infringement issues were already before the court. But the gravamen of the present complaint is patent infringement; unfair competition, if a separate cause of action at all, being a subsidiary issue dependent on the prior determination of the action for patent infringement. The Supreme Court has gone so far as to conclude that claims of infringement and of unfair competition are not separate causes of action at all but are different grounds asserted in support of the same action. Hurn v. Oursler, 1933, 289 U.S. 238, 247, 53 S.Ct. 586, 77 L.Ed. 1148. Since unfair competition can almost always be charged in a patent infringement action, if plaintiff were to prevail in its argument, it would be a simple matter of pleading for a party to evade the venue limitation imposed by § 1400. This court will not be a party to such an obvious subversion of the Supreme Court's construction of § 1400 of Title 28 U.S.C.A.

■ Having thus decided that this court must relinquish jurisdiction over the patent infringement cause of action I will now consider the proper disposition of the claim alleging unfair competition. This claim is so inseparably interwoven with the claim of patent infringement that the evidence necessary to sustain both charges must in a large degree be identical and it would be most inexpedient to separate both causes of action and thus subject the litigants and the courts to two trials when one can easily dispose of all the matters in controversy. See Southern Textile Machine Co. v. Isley Hosiery Mills, Inc., supra. Section 1338 conferring original jurisdiction on a district court over unfair competition when joined with a substantial and related claim under the patent laws reflects a Congressional policy to avoid piecemeal litigation to enforce common law and statutory patent rights by specifically permitting such enforcement in a single civil action in the district court. See Reviser's Notes, § 1338. This legislative policy can best be served by having both actions tried together in the Eastern District.

Venue not having been established in the Southern District, I have then only to apply the provisions of 28 U.S.C. § 1406:

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought."

The action against Eppy is transferred to the Eastern District of New York. Settle order.