**LOCKE MANUFACTURING COMPANY,**
Plaintiff,

v.

**Herman SABEL, Leon W. Sabel and Arnold Sabel, d/b/a Royal Engineering Company, d/b/a Quality Ornamental Iron Company, d/b/a Sabel Ornamental Iron Works, Royal Engineering Company and Quality Ornamental Iron Company, Defendants.**

Civ. A. No. 4808.

United States District Court
W. D. Kentucky,
at Louisville.

June 11, 1965.

Ernest Woodward, II, Woodward, Hobson & Fulton, Louisville, Ky., J. William Freeman, Akron, Ohio, for plaintiff.

Alexander Booth, J. Leonard Walker, Booth, Walker & Humphrey, Louisville, Ky., Harvey B. Jacobson, Jr., Washington, D. C., for defendants.

BROOKS, Chief Judge.

This matter is before the court on defendants' motion under Rule 12(b) of the Federal Rules of Civil Procedure to dismiss plaintiff's second cause of action which asks for declaratory judgment that defendants' patent 3,115,958 is invalid.

The relevant facts of this case are not in dispute. Plaintiff, Locke Manufacturing Company, is an Ohio corporation having its principal place of business in Lodi, Ohio, and is one of the country's foremost producers of wrought iron products. Defendants, Herman, Leon and Arnold Sabel, are brothers, all of whom reside in South Carolina but do business in Kentucky under the names of Royal Engineering Company and Quality Ornamental Iron Company, these names being apparently merely trade styles of defend-

ants' larger Sabel Ornamental Iron Works, a partnership engaged in the manufacture and sale of wrought iron products in competition with plaintiff.

On June 16, 1964, plaintiff filed suit against defendants charging them with infringing its Copyright Registrations KK 111,722 and KK 119,889, and further seeking declaratory judgment that defendants' patent 3,115,958 is invalid, for which reasons plaintiff seeks damages and begs for injunctions both against defendants' copyright infringement and against their harassment concerning alleged violations by plaintiff of their patent 3,115,958. On the same day that this suit was filed service was made upon defendants' Kentucky agent in accordance with Rule 4.04(8) of the Kentucky Rules of Civil Procedure. That rule, which under federal procedure (See Federal Rules 4(d) (1), 4(d) (7) and 4(e).) becomes a proper manner of federal service, provides:

> "Service may be made upon a nonresident individual who transacts business through an office or agency in this State, or a resident individual who transacts business through an office or agency in a county other than the county in which he resides, in any action growing out of or connected with the business of such office or agency, by serving the person in charge thereof."

On July 24, 1964, defendants filed a motion to dismiss plaintiff's second cause of action on the twin grounds of lack of jurisdiction over the person, (See Federal Rule 12(b) (2).), and improper venue. (See Federal Rule 12(b) (3).) In making this motion to dismiss plaintiff's second cause of action defendants have not questioned this court's venue or in personam jurisdiction over the first cause of action but readily admit that both exist as to it.

What defendants do argue is this: First, since Kentucky Rule 4.04(8) allows service on the agent to reach the nonresident defendants only when the action arises out of their Kentucky business, such service cannot give the court jurisdiction over their persons when, as in the case of plaintiff's second cause of action, the claim does not arise out of such business. See Doyle v. Loring, 107 F.2d 337, 340 (6th Cir. 1939), cert. denied, 309 U.S. 686, 60 S.Ct. 808, 84 L.Ed. 1029 (1940). And second, since there is no special venue statute governing causes of action for declaratory judgment, the general provision of Title 28 U.S.C. § 1391(b), which allows the bringing of suit only in the state where all the defendants reside, is applicable, with the result that since defendants reside in South Carolina venue is here lacking over the claim seeking declaratory judgment.

While admitting that had the second claim been brought by itself it would be necessary to dismiss it for the reasons which defendants name, plaintiff argues that such is not the case where the court already has in personam jurisdiction and venue over another cause with which the second cause has been properly joined. This is the issue for decision.

Disregarding the jurisdiction question, except to note that the cases cited by defendants all dealt with the need for independent subject-matter jurisdiction rather than with the present question of whether independent in personam jurisdiction is required for different causes of action, it is here decided that for the reasons which follow plaintiffs' second cause of action must be dismissed on the ground of improper venue.

In order to avoid the unwarranted extension or diminution of federal court jurisdiction and venue through misuse of the joinder provisions of the Federal Rules, Rule 82 was incorporated in those rules to provide that:

> "These rules shall not be construed to extend or limit the jurisdiction of the United States district courts or the venue of actions therein."

Since, as will be shown, venue is integrally bound to the subject-matter of each cause of action, Rule 82 here means that where due to a failure of venue an action could not by itself have been

brought in a particular federal court, neither can it be brought by reason of joinder with another claim under Rule 18(a). See Doyle v. Loring, supra.

▪ That venue is integrally bound to the subject-matter of the particular cause of action has been made clear by the United States Supreme Court in Geneva Furniture Co. v. S. Karpen & Bros., 238 U.S. 254, 35 S.Ct. 788, 59 L. Ed. 1295 (1914), and unless in the instant case defendants have waived their venue privilege that case is clearly controlling of the present dispute. Plaintiff claims, however, that because of defendants' business activities in Kentucky, their venue privilege was waived, and in support of this proposition it cites Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939). But Neirbo is inapplicable to our situation, for there it was not defendants' business activities within the state which the Court held waived its venue privilege but rather was the state's legislation and compliance with that legislation which waived it. In the present case, Kentucky had no statute which required defendant Sabel brothers to appoint an agent upon whom service could be made, and similarly the Sabel brothers appointed no such agent. Thus, to the extent that under Neirbo these elements are necessary for finding consent sufficient to waive venue, no waiver occurred.

▪ It can be argued, however, that it is not the manner of consent which is important under Neirbo, but merely that consent to service exists. Moreover, it can be argued that since consent to service has been implied in other cases where there were business activities by the defendant but no appointment of a statutory agent by him, (See Williams v. James, 34 F.Supp. 61 (D.C.W.D.La.1940), it can similarly be implied in this case. But even if these arguments are valid there is still no waiver of venue here, because consent cannot be implied from the mere doing of business within the state, (See Robinson v. Coos Bay Pulp Corp., 3 Cir., 147 F.2d 512 (1945).), and some service statute must exist. (Notice the statute in Williams v. James, supra.) Thus, since under Neirbo the waiver occurs only to the extent that the service statute allows service of process, (See 1 Moore's Federal Practice 1916, Venue, The Neirbo Rule, Section 0.146 [7].), and since the Kentucky rule allows service on the agents of nonresidents doing business within the State only where the claim arises out of that business, (See Rule 4.04(8) of the Kentucky Rules of Civil Procedure.), and since in the present case plaintiff's cause of action for patent invalidity did not arise out of any business done here, it must be concluded that the venue provision of Title 28, U.S.C. § 1391(c) has not been waived and plaintiff's second cause of action must be dismissed.