**ACTION COMMUNICATION SYSTEMS, INC., a corp.**

v.

**DATAPOINT CORPORATION, a corp.**

Civ. A. No. 3–76–1422–F.

United States District Court,
N. D. Texas,
Dallas Division.

Jan. 27, 1977.

John N. McCamish, Jr., San Antonio, Tex., Joe W. Matthews, Robert F. Henderson, Matthews & Thorpe, Dallas, Tex., for defendant.

Bryan V. Medlock, Jr., Richards, Harris & Medlock, Dallas, Tex., for plaintiff.

ORDER AND MEMORANDUM OPINION

ROBERT W. PORTER, District Judge.

This suit for patent infringement under 35 U.S.C. §§ 271, 283–85 (1970) with jurisdiction founded on 28 U.S.C. § 1338(a) is currently in search of a proper home. The case settled here in the Northern District of Texas on October 27, 1976, only to be disturbed on November 18, 1976 by the Defendant's timely motions to dismiss or transfer for improper venue. Rule 12(b)(3) [F.R.C.P.], 28 U.S.C.; 28 U.S.C. § 1406(a) (1970). For reasons hereinafter specified the motion for change in venue is GRANTED. The motion to dismiss is DENIED.

The Defendant's motions and the Plaintiff's response present a novel question concerning the scope of 28 U.S.C. § 1400(b), the special statute controlling venue in patent infringement actions such as the case at bar. Section 1400(b) recites that:

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

The Plaintiff contends that venue is proper in this district because the Defendant is doing business here even though its principal place of business is in the Western District of Texas at San Antonio. The stem around which the Plaintiff's argument is wound is that the Defendant "resides" in this district within the meaning of the statute.[1] Reference is made to 28 U.S.C. § 1391(c), the general venue statute, which provides that:

> "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Plaintiff's argument would be most compelling but for the holding of the United States Supreme Court in *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). There the Court specifically ruled that the general venue statute § 1391(c) does not modify the special patent statute § 1400(b). Thus, venue was improper in a judicial district where the Defendant was merely "doing business" as provided in § 1391(c). The Court went on to rule that with regard to § 1400(b), the residence requirement meant domicile and a corporation could only be domiciled in the state of incorporation.[2]

This holding presents a question that has not been squarely decided in any other reported case but which must be faced here. That is, may a Defendant, incorporated in a multi-district state, be sued in any district of that state under § 1400(b)?

The answer must be provided by reference to the statute itself. The statute from which Congressional intent may be gleaned states that venue is proper in a *judicial district* where the Defendant resides. It does not say a *state* where the Defendant resides or even judicial *districts* where the Defendant resides. The conclusion to be drawn from this language is that Congress intended for there to be only one district wherein the Defendant resides in a patent infringement case. This conclusion is buttressed by the Supreme Court's rulings that § 1400(b) is not supplemented or modified by other venue provisions giving more expansive definitions of "residence".[3]

Furthermore, reference should be made to § 1400(a) which provides for venue in copyright infringement actions. That section states in pertinent part that "[venue is proper] in the district in which the defendant or his agent resides *or may be found*." The "or may be found" language has been construed to authorize suit in any district where the Defendant is doing business.[4] If Congress intended for patent infringement suits to be brought in any district where the Defendant was doing business it would have undoubtedly used the same language in subsection (b) as found in subsection (a). Significantly, Congress did not modify the residence restriction in 1400(b) with the "or may be found" language of the section's previous paragraph.

I am led to the inescapable conclusion that a corporation may be sued under the § 1400(b) residence provision only in the state of incorporation and, within that state, only in the judicial district where its

---

1. The Plaintiff concedes that no acts of infringement have occurred in this district thus rendering the final clause of § 1400(b), concerning venue in districts where there is a regular and established business and where acts of infringement have occurred, inapplicable.

2. In *Fourco*, the Defendant had been incorporated in one state and sued in another.

3. In *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942) the Court held that a corporation domiciled in the Eastern District of Pennsylvania could not be sued in the Western District of Pennsylvania in a patent infringement action because it did not reside there. The Court ruled that a general venue statute permitting suits in any district of a multi-district state provided that one of the defendants resided in that district and all Defendants resided in the same State was inapplicable to § 1400(b).

4. *See, e. g., Minute Man of America, Inc. v. Coastal Restaurants, Inc.* 391 F.Supp. 197, 200 (N.D.Tex.1975).

principal place of business is located. *See Stanley Works v. Globemaster, Inc.*, 400 F.Supp. 1325, 1330 (D.Mass.1975). The patent venue statute reflects Congressional realization of the technical and intricate nature of patent litigation. In most such cases there is a mass of technical data produced at trial. *Bradford Novelty Co. v. Manheim*, 156 F.Supp. 489, 491 (S.D.N.Y. 1957) Congress sought to restrict venue in these actions to those places where that mass of technical data is located. One obvious place is the principal place of business. Another is the site of Defendant's regular and established place of business where acts of infringement have occurred.

It is just as obvious to me that this mass of data and witnesses are not available in every place where the Defendant does business. Theoretically under the Plaintiff's analysis, we could hear this case in Amarillo, Texas—over five hundred miles from Defendant's principal place of business—if the Defendant had some business activity there. This result does not comport with my reading of Congressional intent in enacting § 1400(b).

The Plaintiff has cited one case that discusses the question presented here. In *"A" Co., Inc. v. Consyne Corp.*, 191 U.S.P.Q. 126 (S.D.Cal.1975) the district court, in an alternative holding, ruled that a Defendant doing "a significant amount of business" in a district in the state of incorporation may be sued in that district under § 1400(b). The court conceded that "the mere fact of state incorporation by itself, especially absent any business contacts with the judicial district, is insufficient to establish patent venue." See *Hydro-Clear v. Aer-O-Flo*, 317 F.Supp. 1317 (N.D.Ohio 1970).

The *Consyne* court did not cite any authority in support of its "significant amount of business" test for patent venue. I respectfully submit that this test is at odds with § 1400(b). Apparently the court was attempting to fashion a test that required something more than the just "doing business" requirement of § 1391(c). But this has already been done with regard to the alternative method of venue under § 1400(b). The "regular and established business" requirement has uniformly been held to mean something more than the "doing business" test of the general venue statute, § 1391(c). *See, e. g., Bradford Novelty, supra.*

What *Consyne* has done then is to permit venue in any district within a state where the Defendant has a regular and established place of business but without requiring acts of infringement to also occur in that district. Thus, at least with respect to the districts of the state of incorporation, the *Consyne* reasoning renders the acts of infringement requirement meaningless.

■ Finally, even if the *Consyne* alternative holding correctly states the law, I do not believe the Plaintiff has brought himself within the reach of the case. *Consyne* required that the Defendant conduct a "significant amount of business" in the judicial district. The Plaintiff has the burden of showing proper venue. *Grantham v. Challenge-Cook Brothers, Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969). In this regard the Plaintiff has presented the court with current telephone listings showing that Defendant has a sales and service office in Dallas.[5] This does not tell me, however, whether these operations generate a significant amount of business in this district. Thus, even under the *Consyne* reasoning, venue is improper here.

I have decided to transfer [6] this case rather than dismiss it to avoid unnecessary re-

---

5. The Defendant has supplemented information about its Dallas operations with the affidavit of Daniel Hosage, Vice-President for Special Programs. He states that the extent of the Dallas business concerns the sale and lease of Datapoint products (but not the allegedly infringing products) and the servicing of those products. He further states that the Dallas office can not

contractually bind the company to a sale or lease of its products as that must be done by the home office in San Antonio.

6. Professor Moore has criticized the *Fourco* case and thus, inferentially, the approach taken here. 1 J. Moore, Federal Practice § 0.144[9]. He argues that 28 U.S.C. § 1404 permitting

filing and additional costs as the Plaintiff would most surely bring this action again in the Western District. It is therefore ORDERED that this case be transferred to the United States District Court for the Western District of Texas, San Antonio Division.

It is so ORDERED.

discretionary change of venue amply protects the Defendant in a patent case, and that District Courts should have the flexibility to retain a patent infringement case if circumstances warrant. I would certainly have granted a change of venue pursuant to that section in this case but for my reading of § 1400(b) which compels the same result. In purely practical terms, Professor Moore's argument has merit, but the slate this court writes upon was not clean before I added my mark.