**LIGHTING SYSTEMS, INC.**

v.

**INTERNATIONAL MERCHANDISING ASSOCIATES, INC., et al.**

**Civ. A. No. 78–60 Erie.**

United States District Court,
W. D. Pennsylvania.

Jan. 22, 1979.

---

Warren W. Bentz, Charles Lovercheck, Erie, Pa., for plaintiff.

T. Warren Jones, Erie, Pa., Robert Lewis Levy, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

KNOX, District Judge.

The plaintiff in this suit has alleged breach of confidential relationship, borrowing of trade secrets, unfair competition and patent infringement. It has set forth these claims in several counts. Count 1 claims tortious violation of a confidential relationship in that the parties entered into an agreement in Erie, Pennsylvania, on October 1, 1974, and it is averred that on September 30, 1975, the defendant's agent visited plaintiff's manufacturing plant in Erie and learned the details of plaintiff's manufacturing process with respect to a portable light manufactured by plaintiff and then used the information thus acquired to manufacture the same in competition with the plaintiff.

The contract in question is dated October 1, 1974, and is signed by Lighting Systems, Inc., a Pennsylvania Corporation by E. B. Zelina, President and also signed by International Merchandising.

Count 2 of the complaint charges unfair competition in violation of plaintiff's registered trademark for Tote-a-Lite by manufacturing a similar product known as "Lug-a-Lite" by defendant. Count 3 claims imputed liability on the defendant Hanimex Corporation Ltd., which is alleged to be the parent of International Merchandising and acting in concert therewith. Hanimex has neither appeared in this action nor filed any motions.

Count 4 is a patent infringement action alleging that plaintiff held certain patents covering a portable light and the defendant had violated the thing.

The defendants, International Merchandising Associates, Inc., Albert L. Bernard and Patricia Schoenberg have filed a motion to dismiss or to stay. It is claimed that there is no personal jurisdiction over the three named under the Pennsylvania Long Arm Statute, further that the patent count is improper in that venue is not properly laid in the Western District of Pennsylvania under 28 U.S.C. § 1400(b) of the Patent Act. It is further claimed that there is insufficient service of process and that the same is not evidenced by a certified or registered mail receipt. Finally, it is claimed that Counts 1, 2 and 3 of the complaint should be stayed because there is a similar suit pending in the Circuit Court of Cook County Illinois in which the Illinois Court of Appeals has held that there is personal jurisdiction of Lighting Systems, Inc. in Illinois. The Illinois complaint is captioned "*International Merchandising Associates, Inc. v. Lighting Systems Inc. and Floyd Devroy,*" arising out of the same contract as that which forms the basis of the present case. The Illinois action involves breach of the contract which forms the basis of plaintiff's complaint in this federal court.

(1) Jurisdiction under Pennsylvania Long Arm Statute.

■ The present Pennsylvania Long Arm Statute is found in 42 Pa.C.S.A. 5321 as amended by the Act of April 28, 1978, eff. 60 days thereafter, i. e., on and after June 27, 1978. It replaces the old Pennsylvania Long Arm Statute previously found in 42 Pa.C.S.A. § 8301, et seq. (Act of November 15, 1972 P.L. § 1063 eff. 90 days thereafter and being the act in effect at the time the

contract was entered into, hereinafter referred to as the old law.)

Under the old law in Section 8309(a), it was provided that doing business consisted of the doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or doing a single act with the intention of initiating a series of such acts and that the defendant International Merchandising Associates Inc. is subject to the Pennsylvania Long Arm Statute under this Act having entered into the contract here in Pennsylvania.

With respect to individuals long arm jurisdiction was provided in § 8303 covering a person who, acting individually or through an agent, servant or employee, committed a tortious act within this Commonwealth on or after August 30, 1970, and also § 8305 covering a non resident who, individually or through an agent, servant or employee, caused harm within this Commonwealth on or after August 30, 1970.

Under the new Act, 42 Pa.C.S.A. § 5322, it is provided that jurisdiction over persons outside the Commonwealth exists in the case of doing a single act for the purpose of realizing pecuniary benefit or for causing harm or tortious injury inside the Commonwealth by an act or omission outside the Commonwealth. In § 5301 "person" is defined to include individuals, corporations and partnerships.

We thus hold that under either Act a person acting or corporation acting outside the Commonwealth and causing harm as alleged in this complaint, whether the person be individual or corporation, is subject to long arm jurisdiction of the Pennsylvania Courts and hence subject to the jurisdiction of this Federal Court sitting in Pennsylvania in a diversity action. It is noted that under § 5322(b) it is provided that the legislature intended to exercise jurisdiction of the courts of the Commonwealth (which would include Federal Courts) to the fullest extent allowed under the Constitution of the United States, leaving it for the courts to determine in each case whether the basic principles of fairness as laid down in *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), have been violated.

We hold that it is not unfair for the defendant corporation and Schoenberg who came to Erie, Pennsylvania and executed the contract to be required to stand suit in Pennsylvania. See *Vespe Contracting Co. v. Anvan Corp.,* 433 F.Supp. 1226 (E.D.Pa. 1977).

The general rule is that the officers of a corporation are personally responsible for the alleged tortious conduct of the corporation if they personally take part in the commission of the tort or direct other officers, agents or employees to commit the act. *Vespe,* supra, and see *Zubik v. Zubik,* 384 F.2d 267 (3d Cir. 1967). In other words a corporate officer who personally commits a tort in his capacity as an officer of the corporation can be held along with the corporation. This is sufficient to establish personal jurisdiction of defendant International Merchandising Assoc., Inc. and Patricia Schoenberg who signed the contract in question in Pennsylvania.

With respect to the defendant Bernard, we note that there is nothing in the complaint with respect to any acts committed by him. He did not sign a contract in Pennsylvania; he is not alleged to be an officer of the corporation but rather the sole stockholder, and we find that he is not amenable to jurisdiction in the Pennsylvania courts. There are insufficient facts alleged to show that the corporation, International Merchandising is a mere alter ego for him. We will therefore grant the motion to dismiss for lack of jurisdiction by defendant Bernard and deny the same as to defendants International Merchandising and Schoenberg.

(2) Insufficiency of Service of Process.

This court on May 19, 1978, entered an order that the plaintiff was authorized to make service by registered or certified mail directed to the Secretary of the Commonwealth (two copies) and to International Merchandising and Hanimex at a certain address in Illinois.

Service at the original address as shown failed. A second attempt was made to serve on July 26, 1978, when the defendants were served at another address in Illinois. This notice was also made upon the Secretary of the Commonwealth. Section 8307 of the old statute provided for service in this manner and provided that the certified mail return receipt should be attached to and made a part of the return, except "that if the defendant refuses to accept the notice mailed or cannot be found at his last known address, the registered or certified mail return receipt or other evidence of such facts shall be attached to and may be part of the return and shall constitute sufficient service under the provisions of this section." The new Act in Section 5323(b) provides for proof of service and states, "when service is made by mail proof of service shall include a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the tribunal".

The certified return receipts are signed by a person with an indecipherable signature; It may be "Whifer" or something similar. The defendants have not alleged that the person signing the receipt, whomever he may be, was not their agent, and it appears to the court that the defendants must have received the same because on September 14, 1978, a stipulation for extension of time to file responsive pleadings was executed by the attorneys for the parties. Under these circumstances the court holds that this is evidence of service "satisfactory to the tribunal" and we will refuse to set the same aside for insufficiency of service.

The court finds that there has been substantial compliance with both the old and new statutes.

(3) Motion to Stay.

In their motions to stay, Counts 1, 2 and 3, the defendants rely heavily upon *Brillhart v. Excess Insurance Company,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). That case involved a declaratory judgment and the Supreme Court stated that it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues not governed by federal law between the same parties.

A copy of the complaint in the Cook County case is attached to the affidavit of Patricia Schoenberg and it appears to be entirely a suit for money damages for breach of contract. It neither seeks a declaratory judgment on the questions involved in the instant case nor are any of the other issues the same. While perhaps they could be made the same if the plaintiff filed a counterclaim as defendant in the Cook County suits, it does not appear that this has as yet occurred. Since the issues in the Cook County case are not the same as those in the case we will deny the motions to stay.

(4) Patent Venue.

28 U.S.C. § 1400(b) provides as follows: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

In other words, venue in a patent action lies in the district (1) where the defendant resides, that is, in the case of a corporation where it is incorporated, in this case Illinois, or (2) where the defendant has committed an act of infringement *and* has a regular and established place of business.

The burden is on the plaintiff to show that venue is properly laid in this district. *Action Communications Inc. v. Datapoint Corp.,* 426 F.Supp. 973 (D.Tex. 1977); *Amba Marketing System v. Jbbar International Inc.,* 551 F.2d 784 (9th Cir. 1977).

The U.S. Supreme Court has spoken with finality on this question in *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). In that case there was a motion to dismiss for lack of venue. The defendant had a place of business in the district but did not commit acts of infringement therein. The Supreme Court held that Section 1400(b) is exclusive

in the case of patent infringement and that the general venue provisions of section 28 U.S.C. § 1391(c) had to give way where there was a specific section dealing with a certain cause of action, i. e., patent infringement.

■ It will be noted that the plaintiff in this case states that his patent infringement claim is brought under 28 U.S.C. § 1338(a). It has nothing to do with venue in a patent case but only with jurisdiction. It is noted, however, that § 1338(b) may have something to do with jurisdiction of the claim of unfair competition which is joined with the suit under the patent laws.

While *Fourco* has been criticized in 1 J. Moore, Federal Practice ¶ 0.144[9] (2d ed. 1978), it is nevertheless the law of the land until overruled by the U.S. Supreme Court and this court must abide by it.

It is noted that the case now before us is neither a suit for a declaratory judgment nor a suit to enjoin threatened infringement. According to Professor Moore, such cases are excepted from the *Fourco* Rule. The cause of action set forth in Count 4 is only a patent infringement action.

It will be noted that the U.S. Supreme Court has previously held that multiple defendants cannot sue in the same district unless the requirements for both defendants are met as to venue in that district. *Stonite Products Co. v. Melvin Lloyd Co.,* 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942).

Since the patent infringement claim must be transferred to the Northern District of Illinois where the defendants reside and the alleged patent infringement occurred, we next must consider whether to sever the patent infringement claim and to retain jurisdiction over Counts 1, 2 and 3 for tortious violation of confidential relationship, unfair competition and imputed liability. It is true that had plaintiff pleaded only the first two causes of action and said nothing about patent infringement, we could retain jurisdiction under *Koratron Co. v. Deering Milliken Inc.,* 418 F.2d 1314 (9th Cir. 1969), where the court pointed out that plaintiff had strained out all patent infringement

language from its pleadings and pleaded simply causes of action for common law relief. But here the plaintiff did not do so. We have here a patent infringement action joined with common law causes of action for tortious interference and unfair competition.

It would seem absurd for this court to sever the patent infringement claim and transfer it to the Northern District of Illinois while retaining the common law counts. Plaintiff in its brief, p. 7, admits that the issues, documentation, witnesses and other evidentiary matters as to Counts 1, 2 and 3 are largely the same as those stated in Count 4. For us to retain the three common law counts while the patent infringement action is being tried in the Northern District of Illinois would be intolerable judicial inefficiency leading to possible inconsistent results on the same set of facts.

■ We agree with Irving R. Kaufmann, now Chief Judge of the Second Circuit as he determined in *Bradford Novelty Co. v. Manheim,* 156 F.Supp. 489 (S.D.N.Y.1957), decided after the *Fourco* case, a count of unfair competition must go along with the patent infringement action which is being transferred to a proper district. He states that *Ferguson v. Ford Motor Co.,* 77 F.Supp. 425 (S.D.N.Y.1948) and *Dolly Toy Co. v. Bancroft Rellim Corp.,* 97 F.Supp. 531 (1951), cases which he decided, are not controlling. As Judge Kaufmann points out, the related claims were surrendered in *Southern Textile Machine Co. v. Isley,* 153 F.Supp. 119 (M.D.N.C.1957). Any retention of these claims would lead to subversion of the Supreme Court ruling.

We therefore determine that the patent infringement claim as well as all other claims in this case must be transferred in the interest of justice under 28 U.S.C. §§ 1406(a) and 1404(a) to the Northern District of Illinois.