**Neal D. HOFFACKER, Bernhard J. Hoffacker, and Avocet, Inc., Plaintiffs,**

v.

**BIKE HOUSE, Sojourn Designs, Inc., Jerry Keefe and Chris Keefe, Ten Speed Drive Imports Inc., Defendants.**

No. C 80–4411 SW.

United States District Court,
N. D. California.

May 4, 1981.

Limbach, Limbach & Sutton, San Francisco, Cal., for plaintiffs.

Townsend & Townsend, Henry C. Bunsow, San Francisco, Cal., for Ten Speed Drive Imports, Inc.

Jerry Keefe, pro se for Sojourn Designs.

Anastasi, Vogel & Nielsen, San Jose, Cal., for Bike House.

## MEMORANDUM AND ORDER TRANSFERRING ACTION AS TO SOJOURN DESIGNS, INC. TO THE DISTRICT OF COLORADO

SPENCER WILLIAMS, District Judge.

This matter came on for a hearing before this court on April 15, 1981 on Defendant, Sojourn Designs, Inc.'s Motion to Dismiss for Improper Venue and in the alternative to Transfer to the District of Colorado. After careful consideration of the briefs and arguments of counsel, the pleadings and other evidence in the record, the court orally denied the motion and transferred the action to Colorado. The following constitutes a brief statement of the reasons for the court's rulings and its written order thereon.

Plaintiffs filed this action alleging the defendants actively induced the infringement of their patented "Two-Bump" bicycle seat. Plaintiffs, residents of California, also alleged that defendants falsely designated the origin of their bicycle seats in violation of 15 U.S.C. § 1125(a), infringed plaintiffs' trademark and engaged in unfair competition.

The primary focus of this lawsuit, however, appears to be on the claim for patent infringement. Venue as to patent cases is governed exclusively by 28 U.S.C. § 1400(b) which provides:

Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed the acts of infringement and has a regular place of business.

Therefore, venue in this case as to the patent claim lies in the district (1) where Sojourn "resides", Colorado, or (2) where the defendant has committed an act of infringement *and* has established a regular place of business. The burden is on the plaintiff to demonstrate that venue is properly laid in this district. *See* 1 Moore's

Federal Practice ¶ 0.140[1.–4], at 1320 n.6 (2d ed. 1980).

The plaintiffs apparently concede that Sojourn neither maintains a regular place of business nor resides in this district, and that they, therefore, do not satisfy the patent venue statute. Instead, plaintiffs argue that this court has venue over the patent claim notwithstanding the express language of section 1400(b) in light of the properly laid venue as to the related federal claim for false designation of origin. Plaintiffs, therefore, argue for a "pendent venue" theory which this court does not accept in the context of a case involving a claim for patent infringement.

■ The patent venue statute represents an effort by Congress to restrict the number of forums available for the trial of patent cases. This special venue statute reflects a Congressional awareness of the technical nature of patent litigation and the particular advantage in limiting its prosecution to forums where the acts of infringement occurred and where the defendant is located. *See Bradford Novelty Co. v. Manheim*, 156 F.Supp. 489, 491 (S.D.N.Y.1957). Recognizing the specific character of the patent venue statute, the Supreme Court has held that venue in infringement actions is governed exclusively by section 1400 and that parties will not be permitted to circumvent this specific venue rule by satisfaction of the general venue statute. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); *Stonite Products Co. v. Melvin Lloyd Co.*, 315 U.S. 561, 62 S.Ct. 780, 86 L.Ed. 1026 (1942).

■ Similarly, the parties before this court cannot circumvent the special venue statute merely by joining a related federal claim to their claim of patent infringement. Such evasion of the venue limitation imposed by section 1400(b) would be a subversion of the Supreme Court's determination that this section is the exclusive provision governing patent actions.

The so-called theory of pendent venue has received limited application and support. Plaintiffs cite two older district court cases for the proposition that where venue is proper with respect to one federal cause of action, the court may retain the patent issue in disregard of section 1400(b). *Dolly Toy Co. v. Bancroft-Rellim Corp.*, 97 F.Supp. 531, 536 (S.D.N.Y.1951); *Ferguson v. Ford Motor Co.*, 77 F.Supp. 425, 536 (S.D. N.Y.1948). Neither *Dolly Toy* nor *Ferguson*, however, is controlling authority in this case. In both these cases, the courts apparently found that the requirements of the patent venue statute had also been met. Moreover, the more recent cases reflect a definite trend away from the pendent venue theory.

In *Bradford Novelty Co. v. Manheim*, 156 F.Supp. 489 (S.D.N.Y.1957), Judge Irving Kaufman departed from the approach taken in his earlier opinion in *Dolly Toy* and declined to apply a pendent venue theory to a patent claim. The *Bradford* case, decided after the Supreme Court's *decision* in the *Fourco Glass Co.* case, emphasized the strong policy arguments behind a limited venue statute in patent cases and held that where the case primarily involved issues of patent infringement, it would be an "obvious subversion of the Supreme Court's construction" of the patent venue statute to allow parties to avoid its mandate merely by joining an unfair competition claim which could "almost always be charged in a patent infringement action." *Id.* at 492.

In *Goggi Corp. v. Outboard Marine Corp.*, 422 F.Supp. 361 (S.D.N.Y.1976), Judge Duffy also declined to apply a pendent venue theory in a patent case where the court arguably had proper venue for an antitrust claim. While Judge Duffy did not expressly reject the rule of *Dolly Toy* and *Ferguson*, the obvious thrust of the opinion indicated a retreat from the pendent venue doctrine. The opinion stated:

> The so-called theory of "pendent venue" has received limited application and acceptance. Where it has been applied, it has usually been in the context of common law claims which are jurisdictionally pendent to federal claims.

*Id.* at 366.

Judge Duffy adopted the reasoning of the *Bradford* opinion which held that appli-

cation of pendent venue in a patent case where section 1400(b) was not satisfied independently would undermine the patent venue statute. *Id.* The court distinguished *Dolly Toy* and *Ferguson* both on the grounds that these cases involved related claims with a substantial identity of proof *and* that in those cases there was an independent satisfaction of the patent venue statute.

It seems clear to this court that the *Goggi* decision represents judicial disapproval of the pendent venue theory. The better view which is represented by a growing line of authority holds that a court may not entertain a patent claim when the specific requirements of the patent venue statute are not satisfied notwithstanding proper venue over other related claims for relief. *See, e.g., Lighting Systems v. Intern. Merchan. Assoc.*, 464 F.Supp. 601 (W.D.Penn.1979); *Locke Mfg. Co. v. Sabel*, 244 F.Supp. 829 (W.D.Ky.1965).

Plaintiffs are correct that their choice of forum is entitled to some weight in determining a venue decision. However, in this case plaintiffs chose to proceed with their claim for patent infringement and therefore are bound to satisfy the special venue rules applicable to that action. A litigant's freedom to choose his forum necessarily is limited by any special rules applicable to the particular claims asserted.

Accordingly, IT IS HEREBY ORDERED that the complaint as to defendant Sojourn Designs, Inc. is transferred pursuant to 28 U.S.C. § 1406(b) to the United States District Court for the District of Colorado.