**NETWORK SYSTEMS CORPORATION, Plaintiff,**

v.

**MASSTOR SYSTEMS CORPORATION, Defendant.**

Civ. No. 4–84–192.

United States District Court, D. Minnesota, Fourth Division.

July 12, 1984.

Robert T. Edell, Merchant, Gould, Smith, Edell, Welter & Schmidt, Minneapolis, Minn., and Gregory Markel, Davis, Markel, Dwyer & Edwards, New York City, appeared on behalf of plaintiff.

David C. Forsberg, and Jeffrey Shaw, Briggs & Morgan, St. Paul, Minn., appeared on behalf of defendant.

## ORDER

DIANA E. MURPHY, District Judge.

Plaintiff, Network Systems Corporation (Network), brought this action for damages, declaratory and injunctive relief against defendant, Masstor Systems Corporation (Masstor), alleging violations of patent law, breach of contract, breach of confidential relationship, misappropriation of trade secrets, and copyright violations. Jurisdiction is alleged under 28 U.S.C. §§ 1132, 1338, 17 U.S.C. § 501 *et seq.*, and Minn.Stat. §§ 303.13 and 543.19. This matter is now before the court upon the motion of Masstor for dismissal for lack of person-

al jurisdiction and improper venue or, alternatively, for transfer of venue.

## I.

Network, a Delaware corporation based in Minnesota, manufactures and markets sophisticated electronics products that permit otherwise incompatible computers and computer peripheral subsystems to be interconnected in data networks. The product involved in this litigation is an adapter system called HYPERchannel which permits interconnection at high data transmission speeds.

Masstor is a California corporation headquartered in California. Masstor has marketed for the last few years a computer software program compatible with Network's HYPERchannel adapters called MASSNET.

In November, 1979, Masstor and Network entered into a contract whereby Network agreed to supply its adapter systems for sale along with Masstor's software. Recently, Masstor has announced its intention to manufacture and market its own adapter (the MCU) which will be compatible with the MASSNET software. Masstor has produced a prototype MCU.

Network's complaint alleges: (1) that Masstor's adapter does or will infringe Network's Patent No. 4,086,534, a device which facilitates high speed data pulse communications and which is utilized by Network in manufacturing HYPERchannel adapters; (2) that, under the 1979 Contract, Masstor obtained from Network certain proprietary information for use solely in connection with Network's equipment, but which Masstor has used in violation of that agreement, to develop its own adapter system; (3) that Masstor has breached a confidential relation between it and Network; (4) that Masstor gained access to and has misappropriated Network's trade secrets; and (5) that Network has provided Masstor certain copyrighted documents, which Network has copied.

## II.

This court's determination of the existence of personal jurisdiction in this matter is a two part process, requiring the court to ascertain, first, whether the requirements of one of Minnesota's long arm statutes are met, and, second, whether the exercise of the court's jurisdiction over defendants complies with the requirements of due process. *See Aftanase v. Economy Baler Co.*, 343 F.2d 187, 190 (8th Cir.1965). Because Minnesota's long arm statutes extend jurisdiction of Minnesota's courts to the maximum limit consistent with due process,[1] the latter question is controlling.

In considering Masstor's motion to dismiss for lack of jurisdiction, the facts alleged by the complaint are taken to be true, and the motion should be denied unless Network fails to make out a prima facie case of jurisdiction. *Hardrives, Inc. v. City of LaCrosse, Wisconsin*, 307 Minn. 290, 240 N.W.2d 814, 818 (1976).

Masstor appears to have sufficient contacts with Minnesota related to this litigation to sustain personal jurisdiction here. The parties have had a contractual relationship for over four years during which time Network has manufactured adaptors in Minnesota and shipped them to various destinations as directed by Masstor. Masstor has apparently also sent employees to Network in Minnesota for training. Masstor executives have come to Minnesota to meet with Network representatives on numerous occasions relating to the contractual relationship involved here. Based on these contacts related to this suit, the motion to dismiss for lack of jurisdiction should be denied.

## III.

With respect to Masstor's argument for dismissal or, in the alternative, transfer for improper venue, Masstor argues 28 U.S.C. § 1400(b) applies, while Network argues 28 U.S.C. § 1391 can be used. 28 U.S.C. § 1400(b) is the sole and exclusive provision controlling venue in actual (as

---

**1.** *Hardrives, Inc. v. City of LaCrosse, Wisconsin,*    307 Minn. 290, 240 N.W.2d 814, 818 (1976).

opposed to threatened) patent infringement cases. Under § 1400(b), venue is limited to the district where the defendant resides or where the defendant has committed acts of infringement and has a regular and established place of business. Network argues that 28 U.S.C. § 1391, a general venue statute, applies because this is a case of threatened and not actual infringement. In section 1391 actions, venue can be in any judicial district in which the defendant is incorporated, licensed to do business, or doing business.

28 U.S.C. § 1400(b) is the appropriate basis for venue of the patent infringement allegations in this case. These allegations appear to relate to present infringement; a prototype has been developed and produced, active marketing for that device has been undertaken, customers have been lined up, etc. Indeed, Network's complaint puts the allegations of infringement in the present tense: it states that "defendant *has manufactured* or is about to manufacture, adapter systems *which infringe* plaintiff's [patent]"; "defendant *will continue* with the manufacture" unless enjoined; and asks for a decree that "defendant *has infringed* or is about to infringe" Network's patent. (Emphasis added.)

■ The United States Supreme Court has held that section 1400(b) is the sole and exclusive venue provision in patent infringement actions and that it is not to be supplemented by the provisions of section 1391. *Fourco Glass Co. v. Transmirra Products Corp.*, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957). *See also Lighting Systems v. International Merchandising Associates, Inc.*, 464 F.Supp. 601 (W.D.Pa. 1979). This specific venue statute, 1400(b), reflects a Congressional awareness of the technical nature of patent litigation and the particular advantage in limiting its prosecution to forums where the acts of infringement occurred and where the defendant is located. *See Hoffacker v. Bike House*, 540 F.Supp. 148 (N.D.Cal.1981); *Bradford Novelty Co. v. Manheim*, 156 F.Supp. 489 (S.D. N.Y.1957). A plaintiff cannot avoid or defeat the specific provisions of section 1400(b) by couching a complaint for actual infringement in language of threatened infringement. *See Joseph F. Corcoran Shoe Co. v. Frank Noone Shoe Co.*, 164 USPQ 341 (S.D.N.Y.1969); *Proler Steel Corp. v. Luria Brothers & Company*, 223 F.Supp. 87 (S.D.Tex.1963). Thus the general venue provisions of section 1391 must give way where Congress has established such a specific section dealing with a certain cause of action, i.e. patent infringement.

■ Similarly, Network cannot circumvent the specific venue provisions of section 1400(b) by joining other causes of action which can be venued in Minnesota and arguing "pendent venue". The doctrine of pendent venue has received limited application and acceptance and has been rejected in numerous cases involving section 1400(b). *See Max Daetwyler Corp. v. Input Graphics, Inc.*, 541 F.Supp. 115 (E.D. Pa.1982); *Hoffacker v. Bike House*, 540 F.Supp. 148 (N.D.Cal.1981); *Goggi Corp. v. Outboard Marine Corp.*, 422 F.Supp. 361 (S.D.N.Y.1976); *Bradford Novelty Co. v. Manheim*, 156 F.Supp. 489 (S.D.N.Y.1957). The growing line of authority holds that a court may not entertain a patent claim when the specific requirements of the patent venue statute are not satisfied notwithstanding proper venue over related claims. *See Hoffacker, supra; Lighting Systems v. International Merchandising Associates, Inc.*, 464 F.Supp. 601 (W.D.Pa.1979); *Locke Mfg. Co. v. Sabel*, 244 F.Supp. 829 (W.D.Ky.1965).

Thus, proper venue of the patent infringement claims herein is in California where Masstor resides and where the alleged acts of infringement occurred. Accordingly, pursuant to 28 U.S.C. § 1400(b) and the interests of justice, the patent infringement claims should be transferred to the United States District Court for the Northern District of California.

## IV.

■ Finally, since the patent infringement claim should be transferred to California, and the issue arises whether the other claims should be transferred as well. The court in *Lighting Systems, supra*, addressed this same situation and stated:

It would seem absurd for this court to sever the patent infringement claim and transfer it ... while retaining the [other] counts ... For us to retain the [other] counts while the patent infringement action is being tried in [a different court] would be intolerable judicial inefficiency leading to possible inconsistent results on the same set of facts.

*Id.* at 606. This court agrees with the reasoning and holding in *Lighting Systems. See also Bradford Novelty Co., supra.* All the claims in this case should be transferred in the interests of justice under 28 U.S.C. §§ 1406(a) and 1404(a) to the United States District Court for the Northern District of California. *See Koehring Co. v. Hyde Construction Co.,* 324 F.2d 295 (5th Cir.1963), *reh'g denied,* 383 U.S. 939, 86 S.Ct. 1062, 15 L.Ed. 857 (1966).

### ORDER

Accordingly, based on all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that

1. Defendant's motion to dismiss is denied.

2. Defendant's motion to transfer is granted and this case is transferred to the United States District Court for the Northern District of California.