**Engler v. City of Philadelphia**

*John J. Fonash, III,* for plaintiff.
*Francis M. Fortuno,* for defendant City of Philadelphia.
*Hugh M. Odza,* for defendant Michael Ryder.

WHITE, *J.,* November 5, 1984—This matter comes before the court on the petition of defendant to strike default judgment entered against him. By way of order dated August 1, 1984, said petition was denied.

The relevant facts are that service of process by certified mail was made on February 9, 1982 on a "Mrs. Ryder," the wife of nonresident defendant, Michael Ryder, at said defendant's home address, i.e., 168 Kennedy Boulevard, Belmawr, New Jersey. Defendant Ryder seeks to have this court strike the default judgment entered against him on March 17, 1982 because his wife, and not Ryder himself, signed the certified mail receipt during the above mentioned service.

Defendant cites the Uniform Interstate and International Procedure Act, §5323(a)(3) thereof, at 42 Pa. C.S. §5323, Pa. R.C.P. 2079(c)(3) and Sharp v. Valley Forge Medical Center, 422 Pa. 124, 221 A.2d 185, 187 (1966), as authority for his position. This court is of the opinion that none of the law defendant cites supports his position.

42 Pa.C.S. §5323(a)(3) states that service outside the Commonwealth when reasonably calculated to give actual notice may be made "by any form of mail addressed to the person to be served and requiring a

signed receipt." We note from the certified mail receipt, defendant's "Exhibit B", that service of process was addressed to defendant, Michael Ryder. Section 5323(a)(3) requires a "signed receipt" and does not require that the person to be served sign the receipt. It is clear that section 5323(a)(3) does not state, as defendant claims in paragraph 4 of his complaint, that "service of process on a nonresident defendant may be made outside the Commonwealth by any form of mail requiring a receipt signed by defendant." Requirements of section 5323(a)(3) have plainly been met in the instant case. Furthermore, we note the holdings of the federal courts as to receipt and sufficiency of service of process.

"Under the Pennsylvania Long-Arm Statute, actual receipt of process was in some situations unnecessary even when the party being served did not affirmatively attempt to avoid service."

Stateside Machinery Co., Ltd. v. Alperin, 591 F.2d 234, C.A. 1979:

"Where subsequently certified return receipts were signed by person with indecipherable signature, defendants did not allege that person signing receipt was not their agent, and they must have received service since stipulation for extension of time was executed by attorneys for parties, service of process was sufficient."

Lighting Systems, Inc. v. International Merchandising Associates, Inc., 464 F. Supp. 601, D.C. 1979; and our Superior Court in Action Industries, Inc. v. Weideman, 236 Pa. Super. 447, 346 A.2d 798 (1975):

"If procedures of former 8307 of this title which provided for service of process under Long Arm Statute were complied with, fact that defendant did not receive process was of no constitutional consequence."

Given these cases, et al. and section 5323's plain language, we are of the opinion that section 5323 has been satisfied.

In examining defendant's claim that Pa. R.C.P. 2079 demands that service via certified mail be delivered to defendant's hand, we note that defendant personally signed a default notice on this cause of action postmarked March 9, 1984 and that defendant waited for two years to raise the service objection herein discussed in order to open judgment after his personal receipt of the default notice abovementioned. We note that Judge Takiff's on point interpretation of Rule 2079(c) in a similar case:

"Where plaintiff in attempting to serve process on a defendant who conceals his whereabouts fully complied with this rule and defendant had actual notice of the complaint (evidenced by his attorney's prosecution of preliminary objections) the Court might rule that service was adequately made." Leone v. McReynolds, 14 D. & C. 3d 200 (1980), and the well reasoned position and holding of the Somerset County Court in First Nat'l Bank and Trust Co. v. Anderson, 7 D. & C. 3d 627 (1977).

"When a resident defendant was improperly served at her mother's home in another state under this rule, but admittedly received the process, and was also admittedly subject to the action in the forum upon proper service, so that her substantial rights were not affected, the court did not dismiss the case on preliminary objections but sustained service."

Defendant cites Sharp, supra, as authority for his position. Sharp is not on point here. In Sharp, a deputy sheriff served another employee at a large hospital, not a supervisor of defendant, while said other employee was relieving the switchboard operator.

Our Supreme Court, interpreting Pa. R.C.P. 1009(b)(2)(iii), not Rule 2079(c)(3), found that substituted service under Rule 1009 could be made on a defendant's agent or to the person for the time being in charge of defendant's office or place of business but not just at a defendant's place of employment. In the instant case, service was made at defendant's home and accepted by defendant's wife who was qualified in our opinion as his agent and thus we are satisfied that Rule 2079(c)(3) and the case law's requirements have been met.

We note that the legal standard for opening default judgments requires a legitimate explanation for the delay which resulted in the taking of a default judgment. Since defendant personally signed for receipt of the March 9 default notice, this court found that defendant sorely lacked any explanation for the delay which resulted in entry of a default judgment given defendant's actual notice of this suit evidenced by the above-mentioned March 9 receipt and the preliminary objections of defendant's lawyer.

Given the facts abovementioned, applicable law and our belief that substantive justice takes precedence over ethereal, immaterial defects of form, this court entered an appropriate order.

### ORDER

And now, this August 1, 1984, upon consideration of defendant Michael Ryder's petition to strike judgment and plaintiff's response thereto, it is hereby ordered and decreed that said petition is denied.